MARY CLARK *vs.* NEW YORK, NEW HAVEN & HART-
FORD R. R. Co.

JULY 8, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Review.   New Trial in Superior Court.   Appeal and Error*

Gen. Laws, 1909, cap. 298, § 12 provides that any person entitled to except in a cause or proceeding tried by a jury in the Superior Court, may file a motion for a new trial "for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial," and the court may set aside the verdict and order a new trial, with or without terms.

*Held,* that the superior court had jurisdiction to grant a new trial upon a part of the issues and hence might grant such new trial upon the question of damages alone.

(2)   *Review.   Partial New Trial in Superior Court.*

Where a party moves for a new trial before the superior court upon the question of inadequacy of damages, alone, while the court may limit the inquiry upon the new trial to that question, it is nevertheless within his discretion

in granting the new trial to make it general instead of partial, and a party by moving for a new trial on the question of damages only cannot restrict the court so as to prevent the exercise of his sound judicial discretion.

BLODGETT J. dissents.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of plaintiff and sustained.

JOHNSON, J.  This is an action of trespass on the case for negligence, brought by the plaintiff to recover damages sustained by her by reason of an injury received while a passenger on a train of the defendant.  The case was tried before a justice of the Superior Court and a jury, on June 20th, 1910, and succeeding days, resulting in a verdict for the plaintiff for the sum of $2,000.00.  The plaintiff thereupon filed a motion for a new trial, as follows:  "And now after verdict for the plaintiff in the sum of two thousand dollars, the plaintiff moves that a new trial of said cause be granted her on the question of damages, and as grounds therefor says:  First.  That under the law and the evidence, the damages allowed by said verdict are grossly inadequate and insufficient.  Second.  That the verdict of the jury for two thousand dollars in favor of the plaintiff is grossly inadequate, and insufficient, and contrary to the evidence, and the weight thereof in its inadequacy.  Third.  That according to the law and the evidence the plaintiff should have recovered a very much larger sum than two thousand dollars, and that the verdict for no more than two thousand dollars as found by the jury is grossly inadequate, and contrary to the evidence, and the weight thereof.  Wherefore the plaintiff prays that a new trial of said action on the question of the amount of damages to which the plaintiff is entitled may be granted her."

The trial justice denied the motion of the plaintiff, and in his decision said:  "This motion, as understood by the Court, is to grant a new trial, limiting such trial to the assessment of damages for the plaintiff by another jury.  Upon the question as to whether the amount awarded is

inadequate, or what would be the action of the Court if the motion filed was to grant a new trial upon that ground, the Court now expresses no opinion.   Its action is limited to the motion filed."   After quoting Sections 12 and 485 of the Court and Practice Act, he continues:   "It will be observed that the jurisdiction of this court in the matter of granting a new trial is limited to setting aside the verdict and ordering a new trial, and is not extended so as to authorize the granting of a new trial for the assessment of damages merely."   .   .   .   "Acting upon the assumption that this court has no jurisdiction to grant the motion filed, motion for a new trial 'on the question of damages' is denied."

The plaintiff excepted to the decision of the court denying said motion for a new trial.

The plaintiff's bill of exceptions was seasonably filed and was specially allowed, as follows, by the justice who presided at the trial:   "Aug. 3, 1910.   The plaintiff's motion for a new trial on the question of damages was denied on the ground that this court had no jurisdiction to grant the motion as stated in its decision on file.   To this decision the plaintiff excepted, which exception is hereby allowed."

The case is therefore before this court on said exception.

Under the charter, and under the constitution, the jurisdiction of the courts of this state as to new trials has always depended entirely upon statute.   Under the authority given by the Charter "also to appoint, order and direct, erect and settle such places and courts of jurisdiction for the hearing and determining of all actions, cases, matters and things happening within the said colony and plantation, and which shall be in dispute and depending therein as they shall think fit," the General Assembly in 1677 passed a law entitled, "A rehearing after judgment granted," providing that "Either the Plaintiff or Defendant Shall Each of them haue Liberty of one rehearing if Either of them defire it & no more."   (Pub. Laws, R. I. 1636–1705 p. 26).   And under various statutes new trials as of course were provided for until 1878.   But to come to the power of the courts to

grant new trials given them by statute: In Pub. Laws, R. I. 1798, p. 143, the Supreme Judicial Court is. given "power to grant new trials in cases where there has been a trial by jury, for reasons for which new trials have been usually granted at common law." In Pub. Laws, R. I. 1822, p. 109, the Supreme Judicial Court is given the same power in the same words. In 1843, the constitution was adopted. Article X, section 1, provided that "The judicial power of the state shall be vested in one supreme court, and in such inferior courts as the general assembly may, from time to time, ordain and establish." Sec. 2, provided, that "The several courts shall have such jurisdiction as may, from time to time, be prescribed by law." In Pub. Laws, R. I. 1844, p. 89, the supreme court is given "power to grant a new trial in any case where there has been a trial by jury, for reasons for which new trials have been usually granted at common law," being the same language in which the power had been given to the Supreme Judicial Court before the adoption of the Constitution. In the next revision, Revised Statutes, R. I. 1857, the power to grant new trials is given to the Supreme Court, by Chap. 193, sec. 3, for the same reasons as in the previous revisions since 1798; and Chapter 164, section 4, provides that "The said court shall have general superintendence of all courts of inferior jurisdiction for the prevention and correction of errors and abuses, where no other remedy is expressly provided by law." The same power as to granting new trials is given to the Supreme Court in the Gen. Stats. 1872, Chap. 210, sec. 3, and in Pub. Stats. 1882, chap. 221, sec. 3.

By the Judiciary Act, passed May 19, 1893, the Supreme Court was separated into two divisions, Chapter 1, sec. 5, providing that "There shall be an appellate division and a common pleas division of the supreme court." By Chapter 2, sec. 4, the Supreme Court in its appellate division was given "exclusive cognizance and jurisdiction of all motions and petitions for a new trial in any court." By Chapter 31, sec. 5, of said act, a party to a civil suit tried by a jury if he

"deem himself entitled to a new trial for reasons for which a new trial is usually granted at common law" . . . "shall be entitled" . . . "to have his petition for a new trial" . . . "heard before and decided by the appellate division of the supreme court," upon complying with the course of procedure set out in the succeeding sections of said chapter.

By Chapter 23, sec. 7, of said act, it was provided, *inter alia*, that: "The appellate division of the supreme court may, on motion of any party made and filed, together with a statement of the evidence in such cause at said trial in manner as is elsewhere provided in cases of petitions for new trial, set aside any general verdict and order judgment to be entered by the common pleas division in favor of either party upon any special verdict found in any cause; or it may order a new trial generally, or upon any issue submitted at such trial, as upon inspection of all the evidence adduced, and the general and special verdict found therein, to it shall seem just."

In the next revision, Gen. Laws, 1896, the same provision as to divisions of the Supreme Court was retained, Chap. 221, sec. 5. The appellate division had exclusive jurisdiction of all motions and petitions for a new trial in any court. Chap. 222, sec. 4. The right of any party deeming himself entitled to a new trial for reasons for which a new trial is usually granted at common law, &c., is preserved in chap. 251, sec. 5, which is in the same words as chap. 31, sec. 5, of the Judiciary Act *cited supra*. And chap. 251, sec. 11 of said Gen. Laws of 1896 provided that: "The appellate division of the supreme court, having considered any petition for a trial or new trial, or for judgment on special verdict, or motion in arrest of judgment or any motion of a similar nature or purpose, preferred under the provisions of this chapter, may grant or deny the same; and shall, after deciding all questions raised by the petition or motion, remit the cause and the papers therein to the common pleas division of the supreme court, or district court, respectively, with direction to award a new trial therein, and direction

when the same may come up for assignment, or direct entry of judgment, and the date thereof, as the case may be, and may make such other or further orders as to costs or otherwise, in the cause, as to law and justice shall appertain."

In November, 1903, section 2 of Article X of the Constitution, providing that "The several courts shall have such jurisdiction as may, from time to time, be prescribed by law" was annulled by the adoption of Article XII of Amendments of the Constitution, the first section of which was substituted in place of said section 2 and is as follows: "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity. It shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law. A majority of its judges shall always be necessary to constitute a quorum. The inferior courts shall have such jurisdiction as may, from time to time, be prescribed by law." Prior to the adoption of this amendment, the Supreme Court had only such jurisdiction as was from time to time prescribed by law. Since that time it has, under the Constitution, final revisory and appellate jurisdiction upon all questions of law and equity and the power to issue prerogative writs," and shall also have such other jurisdiction as may, from time to time, be prescribed by law." The inferior courts are limited to the exercise of such jurisdiction as may, from time to time, be given them by law.

Section 2, of the Court and Practice Act, passed May 3, 1905, provides that "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided; it may issue writs of *habeas corpus*, of error, certiorari, mandamus, prohibition, *quo warranto*, and all other extraordinary and prerogative writs and processes necessary for the furtherance of justice and the due administration of the law; it may entertain informations in the nature of quo warranto and petitions in equity to

determine title to any office; it shall have jurisdiction of petitions for trials and new trials as provided by law, bills of exceptions, appeals, and certifications to the supreme court, and special cases in which parties having adversary interests concur in stating questions for the opinion of the court as provided by law, and shall by general or special rules regulate the admission of attorneys to practice in all the courts of the state."

By section 4 of said act a Superior court is established. Jurisdiction as to new trials is given to the Superior Court by sections 12 and 485 of said act, which are as follows:

"SEC. 12. The superior court shall have jurisdiction of such motions for new trials as may be provided by law, and concurrently with the supreme court shall have jurisdiction of writs of habeas corpus, mandamus, quo warranto, and informations in the nature of quo warranto."

"SEC. 485. Within seven days after verdict any person or party entitled to except in a cause or proceeding tried by a jury in the superior court may file in the office of the clerk of said court a motion for a new trial for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial. Such motion shall state the grounds relied upon in its support. The court, after hearing the parties, may set aside the verdict and order a new trial, with or without terms. A verdict shall not be set aside as excessive by the supreme or superior court until the prevailing party has been given opportunity to remit so much thereof as the court adjudges excessive." Said act also provides for application to the Supreme Court for a trial within one year in cases where no trial has been had and judgment has been rendered against a party on nonsuit, default, or report of referees, by reason of accident, mistake, or unforeseen cause, sec. 471; in cases where a trial has been had in the Superior Court which was not full, fair and impartial, sec. 472; and in cases where a person is aggrieved by any order, decree, decision or judgment of the Superior Court or of any Probate Court or town council,

and from accident, mistake or unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file and prosecute a bill of exceptions, or motion, or petition for a new trial, sec. 473.

(1)    Otherwise than as provided in sections 2, 471, 472 and 473, the original jurisdiction of the Superior Court over new trials, on petition, is exclusive. It is to be observed that "any person or party entitled to except in a cause or proceeding tried by a jury in the superior court" may file a motion for a new trial "for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial." And then follows the provision that "The court after hearing the parties, may set aside the verdict and order a new trial, with or without terms."

In the last revision, Gen. Laws, 1909, sec. 2 of the Court and Practice Act, as to the jurisdiction of the Supreme Court, is retained as sec. 2 of Chapter 272. Chap. 273, sec. 9, provides that "the superior court shall have jurisdiction of such motions for new trials as may be provided by law." Sec. 485 of the Court and Practice Act, *quoted supra*, is retained as sec. 12 of Chap. 298.

It is clear that by the Court and Practice Act, and now by Gen. Laws, 1909, the Superior Court has the same power to grant new trials for any reason for which new trials are usually granted at common law, other than error of law occurring at the trial, that was formerly vested in the Supreme Court. Having that power, can the Superior Court grant the kind of new trial asked for by the motion filed in this case, *i. e.* a new trial upon the question of damages alone? At common law can a new trial be granted upon a part of the issues, or must the new trial be general?

The Supreme Court has granted many new trials to be had on a part of the issues and many upon the question of damages alone. In *Angell* v. *Lewis*, 20 R. I. 391, the court (p. 393) says: "The verdict of the jury which was for the defendant, was clearly against the evidence and ought to be set aside." The petition for a new trial was granted, "the

same to be had on the question of damages only." In
*McNeil* v. *Lyons*, 20 R. I. 672, the plaintiff petitioned for a
new trial on the question of damages only.  At p. 673, the
court said: "As the evidence is not all before us, we cannot
properly grant the plaintiff's request that the new trial
shall be had on the question of damages only, as it may be
that the defendant has a good defence on the merits of the
case.  But if the plaintiff desires a new trial generally, and
shall so elect, in writing, within ten days from the filing of
this opinion, an order may be made granting the same.
Otherwise the petition to be denied and judgment entered
on the verdict." Other cases are—*Woods* v. *Nichols*, 22
R. I. 225; *Angell* v. *Reynolds*, 26 R. I. 160; *McCabe* v. *Narragansett Electric Lighting Co.* 26 R. I. 427; *Reynolds* v. *Narragansett Electric Lighting Co.* 26 R. I. 457; *McDonald* v. *Rhode Island Co.* 26 R. I. 467; *MacGregor* v. *Rhode Island Co.* 27
R. I. 85.

*Haley* v. *Calef*, 28 R. I. 332.   Here, two actions of trespass
on the case for negligence, brought to recover damages from
the towns of Johnston and North Providence, for injuries
sustained by reason of a defect in a bridge connecting the
two towns, were consolidated for purposes of trial in the
Superior Court and after verdict for the plaintiffs the defendants excepted.   No evidence was offered to show in which
town the defect was located, and the court, p. 335, said:
"We are of the opinion that the cause should be remanded
to the Superior Court for the determination of that question
only, inasmuch as both defendants have already had an
opportunity to be heard on the amount of damages and no
exception is urged on the ground that they are excessive."

The power of the Supreme Court to thus limit the new
trial is not disputed.   It is argued, however, by the defendant that this power is not vested in the Superior Court,
although the power to grant new trials is given to that court
by the Court and Practice Act and Gen. Laws, 1909, in the
same language in which it was before given to the Supreme
Court.   Were these new trials granted for the reasons for

which new trials are usually granted at common law, or by
virtue of added powers given by the various statutes, enumer-
ating specifically certain things which the Supreme Court was
empowered to do upon granting a new trial? Chap. 23,
sec. 7, and Chap. 31, sec. 5 of the Judiciary Act, cited *supra,*
provide for dealing with special verdicts upon issues sub-
mitted to the jury. Chap. 251, sec. 11, Gen. Laws, 1896,
quoted *supra,* states the procedure to be followed by the
appellate division after having considered and decided any
petition for a trial or new trial, or for judgment on special
verdict, or motion in arrest of judgment or any motion
of a similar nature or purpose preferred under the provisions
of said chapter, directing remission of the cause to the
lower court with directions as to the disposal thereof and
then provides ''and may make such other or further orders
as to costs or otherwise, in the cause, as to law and justice
shall appertain.'' In our opinion these statutes did not
confer upon the Supreme Court any powers additional to
those already vested in it, as to its jurisdiction to grant new
trials for any reason for which new trials have usually been
granted at common law.

In *Foster* v. *Browning,* 4 R. I. 47, 53, the court, Ames,
C. J., said: ''The motion for a new trial in this case is in
general terms, and if granted as asked, will open to the jury
who are to try the cause all the issues which are made up in
it. We were asked, however, by the applicant for a new
trial, at the argument, inasmuch as a prescriptive right of
way appurtenant to the farm of Abiel T. Browning in whose
right the defendants justify, is pleaded, and has been found
against them, to limit the new trial to the plea of license,
and allow the verdict to stand as to the plea first named.
This would be, in effect, to order a judgment to be entered
up against the defendants, except so far as the mere question
of the amount of damages is concerned. Now, although
it is true that in granting new trials we are expressly em-
powered by statute to grant them under such restrictions and
conditions as we may prescribe, (Dig. 1844, pp. 89, 90,) and it

is not unusual, at least when they are granted for causes not involving any fault of the court, to impose proper conditions upon the applicant, in the way of costs, or even of limiting the issues, or points under the general issue, to be opened to him in the new trial, (*Hutchinson* v. *Piper,* 4 Taunt. 555. *Thwaites* v. *Sainsbury,* 7 Bingh. 437. *Baxter* v. *Nurse,* 6 Mann. & Grang. 940–942. *Winn* v. *Columbian Ins. Co.* 12 Pick. 287, 288. *Robbins* v. *Townsend,* 20 Pick. 345. *Allen* v. *Mapes,* 20 Wend. 633, 634,) or to grant them, unless the other party releases an excess of damages, or does some other justice in the cause, and so to impose a condition upon him, if he would prevent the new trial, (*Stephenson et al.* v. *Mansony,* 4 Ala. 317, 318,) yet where, as in this case, the ground upon which the new trial is granted is an error of the court, it, at least, is not customary to impose any conditions upon the applicant, unless indeed, the court has acquired a right so to do by his previous consent. *Baxter* v. *Nurse, sup.   Tuttle* v. *Gates,* 11 Shepley's R. 395, 398; but see *Robbins* v. *Townsend, sup.*"

In *Folsom* v. *Freeborn, Town Treasurer,* No. 9367, Supreme Court, a case brought February 6, 1875, there was a verdict for the defendant, and a new trial as of course at which a second verdict was rendered for the defendant. After said second verdict the court granted a new trial as follows: 1880, O. T. 77 day "plffs. petition granted upon the question of the obstruction of the approach to the plaintiffs wharf unless deft. will take judgment without costs."

The same practice has prevailed in other jurisdictions. In *Winn* v. *Columbian Ins. Co.* 12 Pick. 279, 288, the court by Shaw, C. J. said: "There are many cases so situated, that it would be highly proper to grant a new trial as to a particular point, or for the purpose of correcting a particular error or mistake. *Hutchinson* v. *Piper,* 4 Taunt. 555. This is analogous to the case of judgments, awards and other legal proceedings, good in part and bad in part, where the court will, if the position of the cause will admit of it, preserve that which is good, and correct that only which is

erroneous. In this case, if the plaintiffs have acted under a misapprehension of their rights at the trial, and are desirous of going to the jury for the purpose of assessing the damages only, as upon a partial loss, the verdict will be set aside, and a new trial granted for that purpose only, the plaintiffs consenting that a verdict shall be entered for a partial loss, and the inquiry before the jury be confined to the question of amount; otherwise an assessor will be appointed to adjust the partial loss, agreeably to the provision in the verdict." In *Sprague* v. *Bailey*, 19 Pick. 436, 442, the court, by Shaw, C. J. said: "The court are of opinion that the plaintiff's motion to set aside the verdict and order a new trial, ought to be so far granted, as to open the single fact, whether the collector was duly sworn as such collector, for the year 1834. This may be conveniently done, the parties consenting to it, by directing the jury, if they find that he was duly sworn, to find a verdict for the defendant; otherwise to find a verdict for the plaintiff and assess his damages." In *Robbins* v. *Townsend*, 20 Pick. 345, the evidence admitted to establish the fact of the appointment of the plaintiff as master of the house of correction was held clearly incompetent, and a new trial was granted. The court, p. 351, said: "In the manner in which it is now presented in the argument and considered by the court, the evidence was incompetent and ought not to have been admitted, and for this cause a new trial must be granted. But there having been a full and legal trial on the merits as to the other parts of the case, and the question of the appointment of the plaintiff as master of the house of correction being entirely disconnected with the other questions raised, and one which in no way could have had any influence upon the finding of the jury upon those questions, the new trial is limited to this particular point. In cases like the present, substantial justice may be done without disturbing the verdict generally, by submitting to a new jury the question, in reference to which, evidence was erroneously admitted." In *Amherst Bank* v. *Root*, 2 Met. 522, 542,

the court said: "As the only exception, which is sustained, relates to the proof of the execution of the bond, the court are of opinion that this is one of those cases where the new trial should be confined to the point, whether the bond was duly executed, and that the issue to the jury on the new trial should be on that fact only." In *Seccomb* v. *Provincial Ins. Co.* 4 Allen, 152, 153, 156, a new trial was granted on the single question "whether Smyrna, in a commercial sense and by commercial usage, was a port in Europe." In *Boyd* v. *Brown,* 17 Pick. 453, the court found that the damages were excessive and said (p. 461): "But this we do not consider a sufficient reason for setting aside the verdict and granting a new trial so as to open the whole merits of the case to future litigation, which have been once fairly tried, especially as the verdict may be set aside in part, and a new trial granted with respect to the assessment of damages only, as was done in the case of *Winn* v. *Columbian Ins. Co.* 12 Pick. 279; and thus the only error existing may be corrected without the expense of a new trial on the merits." In *Ryder* v. *Hathaway,* 21 Pick. 298, 306–7, the court said: "The verdict must therefore be set aside, and a new trial granted. But as the question of title has been fully and fairly tried and settled, there can be no reason for retrying that, and the new trial must be confined entirely to the question of damages." In *Pratt* v. *Boston Heel and Leather Co.,* 134 Mass. 300, the action was brought to recover the value of a quantity of wool. Upon the defendant's motion, and after hearing, a new trial was granted by the Superior Court "on the issue of the value of the wool alone." At the hearing anew under said order the defendant excepted to the admission of testimony as to the value of the wool. His exception to such admission was overruled, the court saying, p. 302, "But the new trial was granted on the issue of the value of the wool alone; and no other question was open to the defendant." In the case of *McKay* v. *Dredging Co.* 93 Me. 201, there had been two verdicts. A new trial had been

granted on the first on the ground that the damages were excessive. Upon a motion for a new trial after the second verdict, the court said: "The verdict as to the question of liability should stand, and judgment be eventually rendered thereon for the plaintiff. The assessment of damages, however, must be set aside and damages be assessed anew by a jury unaffected with any contention over the question of liability. This the court has power to do" (citing cases). "The assessment of damages set aside and a new trial ordered for the assessment of damages only." See also *Benton* v. *Collins,* 125 N. C. 83; *Nathan* v. *Railway,* 118 N. C. 1066; *Lavelle* v. *Corrignio,* 86 Hun. 135, 141; *Lisbon* v. *Lyman,* 49 N. H. 553.

The defendant's counsel argue that under the statute the Superior Court has power only to *set aside the verdict* and grant a new trial, and that therefore the new trial must be general. The court below, in his rescript denying the motion for a new trial for the assessment of damages only, says: "It will be observed that the jurisdiction of this court in the matter of granting a new trial is limited to setting aside the verdict and ordering a new trial, and is not extended so as to authorize the granting of a new trial, for the assessment of damages merely." Is it true that the verdict must be wholly set aside if a new trial is to be granted?

In a long line of English cases new trial of a part of the issues in a case was refused because of the supposed indivisibility of a verdict. *Bond* v. *Spark,* 12 Mod. 275, (1700) was trespass against three defendants. "Two were acquitted, and Sparks found guilty; and it was certified by the Judge to be against evidence; and motion for a new trial. But the court said, a new trial could not be granted except against all. Whereupon the attorney for the defendants consented for the two defendants who were acquitted, that they should undergo a new trial, and quit the costs which they might have from the plaintiff on their acquittal; and Sparks consented to pay the plaintiff's costs. And so a new trial was granted against all."

*Berrington's Case,* 3 Salk. 362 (1707), was trespass against several defendants. The plaintiff had a verdict, "and afterwards it was moved for a new trial, because as to one of the defendants the verdict was against the evidence. *Sed, Per Curiam.* This cannot be done, for the court cannot set aside the verdict as to some, and not as to others, and to grant a new trial as to all, would be a prejudice to those who are duly acquitted."

In *King* v. *Mawbey,* 6 T. R. 619, 638 (1776),. four defendants were indicted for a misdemeanor, two were acquitted and two, who were found guilty, moved for a new trial. "The court on this day discharged the rule for a new trial on the merits, saying at the same time that if the conviction of the two defendants had appeared to them improper, they might have granted a new trial, and giving the following reasons." Then follow the opinions by Lord Kenyon, Amherst, Grove and Lawrence, JJ. "Lord Kenyon, Ch. J. It was contended on behalf of the prosecutor that, as two of the defendants had been acquitted, the record could not be sent down again to another trial without putting their guilt or innocence again into a state of inquiry, and that inasmuch as defendants who have been acquitted in criminal cases, cannot be tried a second time, the necessary consequence was, that in this case, we could not grant a new trial, even though we were clearly of opinion that the other two defendants had been improperly convicted. . . . But I think that the rule was correctly stated by the counsel for the defendants, that in granting new trials, the court know no limitations, (except in some excepted cases), but they will either grant or refuse a new trial, as it will tend to the advancement of justice. . . I have studiously gone out of the way in order to express my opinion on this point, an opinion formed on great deliberation, lest the public should be misled by the arguments used on behalf of the prosecutor, and imagine that manifest injustice must be effected in this case because the forms of law cannot yield to substantial justice." Rule for a new trial discharged.

*Parker* v. *Godin*, Stra. 813 (in 1729), was trover for plate. The question was, "what meddling with the effects of a bankrupt is a conversion." The verdict was for the defendant, and a new trial was granted. At the end of the report of the case is the following: "N. B. A difficulty arose upon the motion for a new trial, which was this. There were other things besides plate in the declaration, and as to them the verdict *pro def* was right; and yet a new trial must be granted upon the whole. But on consideration the court held that could be no reason to refuse a new trial, for if the merits as to those other things were with the defendant, it would be found for him as to them. But it was agreed on all hands, that if one defendant be acquitted, and another found guilty, that defendant can have no new trial." Here the court were still holding to the idea of the indivisibility of a general verdict. In *Bond* v. *Spark* three joint defendants were so bound together that a verdict acquitting two and finding the other guilty could not dissolve their union, and therefore "it was agreed on all hands," that there could be no new trial at all. In *Parker* v. *Godin* "there were other things besides plate in the declaration" therefore, although as to said "other things" the verdict for the defendant was right, there must be a new trial upon the whole. The conclusion of *Bond* v. *Spark* as to the indissoluble union of the two defendants who were acquitted with the one who was found guilty was applied to the "plate" and "other things" in *Parker* v. *Godin*.

In *Edie* v. *East India Co.*, 1 W. Bl. 295, there were two counts upon different bills of exchange, the first of which the defendant did not resist, and a verdict was taken upon it for the plaintiffs without objection. Upon the second a verdict was found for the defendant. On motion of the plaintiffs a new trial was granted for error in the admission of evidence relating to the second count. Lord Mansfield, C. J. said: "But for form's sake, we must set aside the whole verdict." And a new trial was granted without payment of costs.

In *Hutchinson* v. *Piper*, 4 Taunt. 555 (1812), there were a number of counts, but the plaintiff's evidence was ultimately restricted to the fourteenth. The plaintiff was nonsuited because certain proof was not given, but the Chief Baron, Macdonald, reserved the point on that single count. It was held that the nonsuit must be set aside. But the rule was made absolute for a new trial generally.

*Thwaites* v. *Sainsbury*, 7 Bing. 437 (in 1831), was "Assumpsit for goods sold and delivered. Plea *non assumpsit*. At the trial, proof having been given of the sale and delivery of the goods, the defence set up was, that the plaintiff had subsequently received in full for his demand three bills of exchange accepted by Leigh Hunt, and Clarke; that he had taken these bills on his own risk, and had released the defendant from all responsibility in respect of them. This was the only question in the cause." The plaintiff obtained a verdict which the defendant moved to set aside on the ground that it was contrary to the evidence. "The court proposed to grant a new trial, but to limit the inquiry to the single question, whether the plaintiff had agreed to take the bills on his own risk, expressly releasing the defendant from any responsibility. *Spankie*, Serj't., objected, that the court, in the exercise of its discretion as to granting a new trial, had seldom or never restricted a party in this way to a single point of inquiry; and he prayed to be allowed, as usual, to go to trial again generally, without restriction." The rule for a new trial was made absolute on terms.

In *Bernasconi* v. *Farebrother* & a., 3 B. & Ad. 372 (In 1832), it was held that certain evidence received on one point, was incompetent; and the party who had introduced the evidence, claimed that on a new trial, the inquiry should be restrained to that point. Lord Tenterden, delivering the judgment of the court, said, "We have considered also whether we could limit the inquiry upon the new trial to one point. In *Hutchinson* v. *Piper*, 4 Taunt. 555, Gibbs, J. lays it down, that in certain cases of which he gives instances, a new trial may be restrained to one point. But in the

particular case now before the court, the objection which arose as to the admissibility of the evidence, might have been taken by bill of exceptions. The application for a new trial was substituted for a bill of exceptions. Now, if there had been a bill of exceptions in this case, and the judgment were that the evidence had been improperly received, the court of error could only have awarded a *venire de novo*, sending the whole to a new trial; and as the application for a new trial is substituted for a bill of exceptions, we think that, by analogy to that proceeding, the defendants are entitled to a new trial generally." Here nothing was said of the inseparable nature of a general verdict, but the sole difficulty was found in the old form of a *venire*. The difficulty of the *venire* was imported by analogy into new trials granted on motion.

*Price* v. *Harris*, 10 Bing. 331 (in 1833) was a case against seventeen defendants. Two were defaulted, and fifteen pleaded the general issue. The plaintiff entered a *nol. pros.* as to one of the two, and obtained a verdict against the other for 900£; and the verdict was in favor of the fifteen. The plaintiff moved for a new trial as to five of the fifteen, on the ground that, as to them, the verdict was against the evidence. Rule for a new trial against one and for a new assessment of damages against another was made absolute.

*Stroud* v. *Stroud, Executor*, 7 M. & G. 417, was an action of debt. The defendant pleaded, first, that the testatrix was never indebted: secondly, payment: thirdly, *plene administravit*. The plaintiff had a verdict. A new trial was granted on the last issue, because the verdict was against the evidence; but the verdict on the first and second issues, was not disturbed. Tindal, Ch. J., said, "With respect to the first part of the case, I entertain no doubt but that it ought to rest where it is on the finding of the jury. . . . With regard to the question arising on the plea of *plene administravit*, which I think has not been properly sifted, it seems to me that the case ought to go down to a new trial."

Cresswell, J.: "The proper course will be to enter a verdict for the plaintiff on the first issue with 11£ 2s. damages, and for the plaintiff on the second issue; and that on payment of costs, there be a new trial on the last issue, the plaintiff admitting that the 20£ were paid in a due course of administration." Rule absolute accordingly.

In *Moore* v. *Tuckwell,* 1 M. G. & S. 607, an action of debt, decided in 1845, the plaintiff had a verdict for 4£, 19s. 9d., and Shee, Serj't., for the defendant, moved for a new trial on the ground of misdirection. And it was held that, as to one item of the plaintiff's claim amounting to 4£, 5s., the jury had been misdirected. During the argument, Tindall, Ch. J., said, "If, however, the plaintiff will consent to the verdict being reduced by the amount of 4£, 5s.—the sum to which alone the misdirection applies—I think justice will be answered without sending the cause down to a new trial."

*Shee,* Serj't, in support of his rule, insisted that he was as a matter of right, entitled to a new trial, the verdict being the result of an erroneous direction of the judge; and that the court had no power to compel him to submit to the entering of a verdict different from that which the jury had found.

Tindall, Ch. J., delivered the judgment of the court, saying: "This was a rule for a new trial, in a case tried before the judge of the sheriff's court, on the ground of misdirection, and upon no other ground. . . Now the only misdirection being that which related to a separate cause of action amounting to 4£, 5s. and the plaintiff's counsel, on showing cause, having consented to abandon that sum altogether, we think the whole justice of the case, so far as we can look at it, has been attained by the plaintiff's consenting to reduce the damages, by the whole sum in respect of which such misdirection took place. It was objected, in argument, that the court has no authority to alter the verdict of the jury. We do not alter the verdict which still remains a verdict for the plaintiff with the same amount of damages,

unless the plaintiff consents to such alteration: all that we do, is to secure to the defendant the option of paying 14s. 9d. only, instead of the sum recovered. If at the time the rule was moved for, we had seen the whole of the facts in the case as clearly as we now do, we should not have granted the rule in its present shape, but, as it often occurs, a rule would have been granted, with a condition attached, for a new trial, unless the plaintiff consented to reduce the damages. It is not the practice, as stated at the bar, that, in all cases where there has been a misdirection, a new trial must be granted *de jure*, because a bill of exceptions might have been tendered; for, where the court can see clearly that real and substantial justice has been done, or may be done without a new trial, the rule has been refused." (Citing cases)." We therefore treat this as a rule drawn up in the alternative; and, as the plaintiff consents that the damages shall be reduced, we make the rule absolute for that purpose, and discharge it as to the new trial." Rule accordingly.

(2)     Upon the authority of the decisions of this court, as well as those cited from other jurisdictions, we are satisfied that the claim that the indivisibility of the verdict constitutes an obstacle at common law to the granting of a new trial otherwise than upon all the issues is untenable. As we find that new trials have been and are granted at common law, not only generally, but upon such part of the issue as the court in its discretion deems necessary for the attainment of justice, the conclusion necessarily follows that by section 485 of the Court and Practice Act, which is now section 12 of Chap. 298, Gen. Laws, 1909, the power to so grant such new trials was given to the Superior Court.

The plaintiff in this case moved for a new trial on the question of damages, alleging that the damages allowed by the verdict were grossly inadequate. That a new trial may be granted for inadequacy of damages is well settled,— *McNeil* v. *Lyons*, 20 R. I. 672; *Hill* v. *Union R. R. Co.*, 25 R. I. 565. As a new trial may be granted upon that ground it would seem to follow that a party has the right to move for

it upon that ground. While the trial judge may limit the inquiry upon the new trial to the question of damages alone, he must be left to work out and decide the matter in his discretion. A party cannot demand on a motion for a new trial, that, without regard to the views of the trial judge, the findings which are in his favor shall remain undisturbed, while only those which are prejudicial or unsatisfactory to him shall be passed upon. While the trial judge may grant a new trial on the question of damages or upon a single issue where the evidence bearing upon it is separable from and does not hinge upon that bearing upon other issues, and he thinks such action proper, it is nevertheless always within his discretion in granting a new trial to make it general instead of partial. A party by moving for a new trial on the question of damages only cannot restrict the judge so as to prevent the exercise of his sound judicial discretion.

The trial judge should have decided the motion for a new trial filed in the Superior Court. His denial of said motion on the ground that the Superior Court had no jurisdiction to grant a new trial for the assessment of damages only was error.

The plaintiff's exception is sustained and the case is remitted to the Superior Court with direction to pass upon and decide the plaintiff's motion for a new trial.

BLODGETT, J., dissenting. I am unable to concur in the opinion of the majority of the court for the reason that the cases cited in support of the historical question there considered seem to me, in so far as they are applicable at all, to support the precise contrary of the conclusion therein reached. It is to be observed that the power and jurisdiction of the Superior Court in the premises is exactly defined in the statute, and that we are not concerned with the policy of that statute, or whether it expedites litigation or reduces the cost of it or whether a separation of issues on a new trial is or is not otherwise desirable. Nor can it be said that its jurisdiction is identical with that of the

Supreme Court. The obvious and patent exception of "error of law committed at the trial" cannot be considered by the Superior Court by the express provisions of the statute. The cases cited in the opinion in which the Supreme Court has granted a new trial on certain issues only were unquestionably rightly decided. The constitution has given to this court final "revisory" as well as appellate jurisdiction, beyond the power of the legislature to destroy or impair in respect of such matters as come within the jurisdiction of this court, and the power to "revise" is more and other than the power to affirm or to reverse on appeal. But not so is the case with the Superior Court. Its jurisdiction is purely statutory as the court itself is the creation of the statute. An examination of the Massachusetts' cases in the majority opinion is of little or no value, inasmuch as the statute of Massachusetts is so radically different from our own, and is as follows: "The courts may, at any time before judgment in a civil action, set aside the verdict, and order a new trial, for any cause for which a new trial may by law be granted," *etc.* It will be observed that the words used are "may be granted," which are prospective in their signification, and that the same power is given to all courts without distinction, and that there is no limitation to the usual causes known to the common law and no exception of "error of law committed at the trial," and further that this power of granting new trials under this statute was held in *Borrowscale & another* v. *Bosworth & another*, 98 Mass. 34, to be without limit, *viz.*: "The superior court has the power given it by statute, 'at any time before judgment in a civil action, to set aside the verdict and order a new trial, for any cause for which a new trial may by law be granted.' The causes for which a new trial may by law be granted are not defined, and it is not easy to give an exact and complete definition. It was said by Chief Justice Shaw, in giving the opinion of the court in *Cutler* v. *Rice*, 14 Pick. 494, that 'we know no limit to the power of the court so to interpose,' (to prevent the injurious consequences

proceeding from accident and misfortune) 'where the plain and manifest dictates of justice require it; taking care that it shall never be so exercised as to encourage or shield negligence or fraudulent contrivance in the conduct of trials.'" And lastly, that the earliest exercise of such a power in that state is shown to have occurred in the year 1832, as shown in *Winn* v. *Columbian Ins. Co.*, 12 Pick. 279, *supra*, and even then the consent of the plaintiff was deemed essential before the issue on the new trial could be narrowed to the question of damages only.

And this observation leads to an examination of the history and use of the phrase "usually granted at common law." We need go no further than to the majority opinion to find that the power of granting new trials was first granted to the Supreme Judicial Court existing under King Charles' Charter, and is first found expressed even then in the past tense in the Revision of 1798, "for reasons for which new trials *have been* usually granted at common law." The expression obviously postulates certain requirements, among which is the requirement that a cause for a new trial theoretically existing at the common law, but not theretofore invoked is not sufficient, since the requirement is that the causes must be such that new trials were actually granted theretofore because of them.

Another requirement is that sporadic and occasional instances prior to 1798 are not enough for the statute cannot be read omitting the word "*usually*." It also obviously restricts the enquiry to a period prior to 1798 and does not permit an enquiry as to a custom or usage not practiced until a generation later. Every English case without exception cited in the majority opinion and decided prior to 1798, shows that the division of issues on a new trial was conceded to be impossible. That a different view has since prevailed in certain minor English courts, such as before a jury in a Sheriff's Court as expounded by a common pleas decision in 1831, or even if it were authoritatively shown by a decision of the court of ultimate authority in England that a

different practice now prevails, are equally beside the mark. It may be a desirable practice and it may later have been adopted in English courts, but it was not so considered or acted upon when this jurisdiction was originally granted in this colony in 1798, and no English case has been cited, even if any exist, which shows the fact to be otherwise, the earliest English case cited in the majority opinion being in 1831.

One other statement, it seems to me, is erroneous in the majority opinion. It is this—that the Supreme Court upon the adoption of the constitution in 1843 had only such jurisdiction as was conferred by law. Sec. 3 of Art. XIV of the Constitution contained a direct grant of jurisdiction in these terms: "The supreme court, established by this constitution, shall have the same jurisdiction as the supreme judicial court at present established, and shall have jurisdiction of all causes which may be appealed to, or pending in the same; and shall be held at the same time and places, and in each county, as the present supreme judicial court, until otherwise prescribed by the general assembly." Until the General Assembly modified that grant all the jurisdiction of the Supreme Judicial Court remained in the Supreme Court.

I am accordingly of the opinion that the ruling of the trial justice in the Superior Court, to the effect that said court was without jurisdiction to grant the motion for a new trial in the question of damages only was correct and that the plaintiff takes nothing by his exception thereto.

*A. B. Crafts*, for plaintiff.

*Joseph C. Sweeney, Eugene J. Phillips*, for defendant.