ELENORE GOODMAN *vs.* WALTER ZAWADOWICZ.

JEROME GOODMAN *vs.* WALTER ZAWADOWICZ.

JEROME GOODMAN *vs.* EDWARD A. EVANS, JR.

JEROME GOODMAN *vs.* EDWARD E. EVANS.

ELENORE GOODMAN *vs.* EDWARD E. EVANS.

ELENORE GOODMAN *vs.* EDWARD A. EVANS, JR.

MARCH 28, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

FLYNN, C. J. These six actions of the case for negligence were brought by a wife and her husband respectively against three different defendants to recover for personal injuries and other damages resulting from a collision involving three automobiles. After a trial in the superior court a jury returned a verdict for each defendant in the three cases brought by the wife and for the plaintiff against each defendant in those brought by the husband. Thereafter the trial justice denied the plaintiff's motion for a new trial in each case and the cases are before this court on the plaintiffs' bills of exceptions to the denial of such motions and to portions of the charge.

On November 11, 1951 Elenore Goodman, the wife of the other plaintiff Jerome Goodman, was operating her husband's automobile in the town of Lincoln northerly on Louisquisset Pike, which is a two-lane public highway. The day was clear, the road dry, and there was exceptionally heavy traffic. It was described as "a solid line of traffic" and "would be start and stop, as far as you could go." The car immediately following the Goodman automobile was owned and operated by the defendant Zawadowicz, and next behind that car was an automobile owned by defendant Edward E. Evans and operated by his son Edward A. Evans, Jr. with the father's consent. Just before the accident all three cars were proceeding in the northbound lane at about 15 to 20 miles per hour for some half mile or more. The car of defendant Zawadowicz was about a car length and a half behind the Goodman car and the Evans car was being operated about 12 to 15 feet in the rear of the Zawadowicz car. Because of another traffic accident which had happened some 100 yards further north or because of a signal from a town police officer directing traffic in the vicinity, the whole traffic line was halted. The plaintiff wife testified she stopped quickly within a car length or two, without giving any signal of her intention other than perhaps the rear lights which showed when she applied the brakes.

The defendant Zawadowicz immediately applied his brakes and stopped his car, as he testified, just as the front bumper slightly tapped the rear bumper of the Goodman car. Both of these cars were stopped in that position and almost instantly thereafter the Evans car hit the rear of the Zawadowicz car with a loud crash, driving it into the rear end of the Goodman car and causing undisputed damage thereto in the amount of $163.99.

Shortly thereafter a state trooper, who had been assisting in the investigation of the prior accident some 100 yards to the north, heard the crash and came to the scene to investigate the instant accident. In response to questions, according to his report and testimony, the plaintiff wife admitted she had stopped short, and also disclaimed any injury to herself or her husband. But at the trial she testified that she had not stopped abruptly, and she also made claim for injuries to her head and left knee, causing expenditures for a doctor's bill in the amount of $35 and another bill of $35 for X rays.

Her husband, who was riding on the front seat with her, admittedly had suffered two serious heart attacks some five years previously, had been retired from business for that reason, and had been under a doctor's general care. No special injury to him was claimed at the time but at the trial there was testimony by his wife—he did not testify—and his doctor to the effect that he had been frightened, somewhat shaken and affected by the shock, and had suffered so that his exercise and recreational activities were somewhat restricted. His doctor's bills were $30 and $10 extra for a cardiograph.

As a result of the collision, defendant Zawadowicz' car received serious damages to both front and rear ends to the extent of $328.78, while the Evans car was damaged in the front in the amount of $125. Moreover there is testimony, particularly by defendant Evans, Jr., tending to show that the operator of the Goodman car had stopped "quick"

and "short" without warning; that she admitted to the trooper she had stopped short; that at the time she blamed the traffic officer for causing her to make such a sudden and short stop; and that she was to blame for causing the multiple collisions.

The jury after some deliberation returned for instructions as to "the proper phrasing" of their verdict. When the court inquired what was meant by his question the foreman stated: "Contributory negligence defined in the case of Mrs. Goodman applies to all three of them. We don't know how to phrase it." In the colloquy which followed he made it clear to the court that the jury understood what contributory negligence was and had found that plaintiff Elenore Goodman was guilty thereof, and that the three defendants were also guilty of negligence in the circumstances. After receiving instructions from the court they went back to the jury room and finally returned the separate verdicts as recorded for each defendant in the three cases brought by Elenore Goodman, the wife, and verdicts for her husband Jerome Goodman against each of the three defendants in the sum of $75.

Thereafter the trial justice from the bench denied plaintiff's motion for a new trial in each case. The plaintiffs argue in support of their exceptions that the trial justice in making his decision failed to pass independently on the weight of the evidence and the credibility of the witnesses in accordance with his duty in deciding a motion for a new trial; that therefore this court must examine the transcript for itself without the aid of the trial justice's decision; and that such examination will show that the verdicts are contrary to the great preponderance of the evidence.

An examination of the decision of the trial justice fails to make it clear, without calling upon speculation, that he performed the duty which is required of him in deciding a motion for a new trial. It may be that he felt the evidence was conflicting and so nearly balanced as to justify

reasonable men in reaching different conclusions therefrom; and that therefore he was unwilling to merely substitute his opinion for the verdicts of the jury even if he might be inclined to a slightly different view, at least as to one defendant. If that conclusion were so stated or clearly indicated in the decision, we would have no difficulty in disagreeing with the plaintiffs' contentions. However, we are not certain from the language of his decision that such was the view of the trial justice or that he reached his conclusion by passing his independent judgment on the credibility of the witnesses and the weight of the testimony as required. *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180; *McLain* v. *Tripp,* 73 R. I. 105; *Talbot* v. *Clement,* 81 R. I. 79, 84, 98 A.2d 924, 926.

In the circumstances, therefore, we are forced to examine the transcript for ourselves to determine if the verdicts are against the *great* preponderance of the evidence. *Monacelli* v. *Hall,* 71 R. I. 55, 62. The testimony here in some respects is in conflict. There is evidence, if believed, which would justify an inference that the plaintiff wife had not been required by the traffic conditions or officer to stop as abruptly as she did; and that in effect she admitted this fact at the time by her answers to the state trooper and by her attempt to blame the traffic officer for her action. The fact that she had brought her car to rest about a car length in back of the preceding car, if believed, does not necessarily prove that she had not stopped abruptly. It might indicate that all the preceding cars had been able to stop more gradually and had given her more opportunity to stop than she had given the defendants, or that the reason there was so much room between her car and the one ahead was because she made such an abrupt and unsignaled stop, as some of the defendants described her action.

At any rate, whether she exercised the care necessary in the circumstances was a question upon which reasonable men might properly reach different conclusions. Therefore

it cannot be said that the verdict of the jury based on a finding of contributory negligence on the part of the wife is against the great preponderance of the evidence. Accordingly the exceptions in each of the three cases brought by the wife are overruled.

Nor can we agree with plaintiffs' contention that defendant Zawadowicz, the operator of the second of the three cars, was guilty as a matter of law merely because he followed the Goodman car at the distance and speed which appear in the evidence. No cases are cited in support thereof. In the circumstances that question was one of fact for the jury. From our examination of the transcript alone it appears that the verdict for the plaintiff husband against defendant Zawadowicz is not supported by a fair preponderance of the evidence. However, that defendant has not prosecuted a bill of exceptions and consequently the verdict in his case must stand.

On the other hand we cannot say from the transcript that the verdicts in the two cases brought by the husband against the owner and the operator respectively of the Evans car are against the great preponderance of the evidence as to liability. However, we are unable to figure how each verdict as to damages was returned in the amount of $75. It was undisputed that the property damage to the Goodman car was $163.99. According to the charge of the court if any verdict was found for the husband it would have to be at least in that amount. If he had proven that he was also injured and required a doctor's attention to the extent testified, an additional $40 or a total of $203.99 would have been the amount of damages. The trial justice also stated he did not know how the jury figured $75.

In this connection, when the jury returned for instructions the foreman indicated an intention to return a verdict in the total sum of $205. Apparently the consolidation of the cases for trial had confused them, and they attempted to apportion the total damages among the three defendants.

In view of the charge this result is unexplainable. In the circumstances we are of the opinion that the amount of damages awarded to the husband against the owner and the operator respectively of the Evans car, based on the liability as found, is against the great weight of the evidence. No connection between the confusion concerning damages and the verdict as to liability appears in the transcript. For that reason the two cases brought by the husband against the owner and the operator respectively of the Evans car should be remitted to the superior court for a new trial on damages only. The plaintiffs' other exceptions have been examined and, taking into consideration the charge as a whole, they are not so prejudicial as to change the result as to liability which we have reached in the other cases.

In the cases of Elenore Goodman v. Walter Zawadowicz, Ex. No. 9461, Elenore Goodman v. Edward E. Evans, Ex. No. 9464, Elenore Goodman v. Edward A. Evans, Jr., Ex. No. 9465, and Jerome Goodman v. Walter Zawadowicz, Ex. No. 9466, the plaintiff's exceptions in each case are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

In the cases of Jerome Goodman v. Edward A. Evans, Jr., Ex. No. 9462, and Jerome Goodman v. Edward E. Evans, Ex. No. 9463, the plaintiff's exception to the denial of his motion for a new trial in each is sustained, and each case is remitted to the superior court for a new trial on damages only.

ON MOTION TO REARGUE.

FEBRUARY 27, 1957.

PER CURIAM. After our opinion in the instant case was filed, *Goodman v. Zawadowicz*, 84 R. I. 50, the plaintiff requested and received permission to file a motion for leave to reargue "for the purpose of clarifying the opinion."

The motion apparently is intended to point out that the charge of the court required the jury, if they rendered a

verdict for plaintiff, to fix damages in a larger amount than actually was awarded; that defendant did not take and prosecute an exception to such charge, which thereby became the law of the case; and that plaintiff's bill of exceptions was limited to the denial of his motion for a new trial which was based solely on the ground of inadequate damages. Consequently plaintiff contends in substance that in the special circumstances entry of judgment on the verdict would be contrary to the law of the case, and that the order in our opinion should have remitted the instant case for a new trial on damages only instead of for entry of judgment on the verdict.

We have re-examined the bills of exceptions in the five companion cases which were tried together with this case and it appears that the bill of exceptions herein differs from the others. For the purpose of the motion to reargue, therefore, we shall assume that on the record here presented the entry of judgment on the verdict would not be in accordance with our usual practice. However, we do not agree that by filing a motion for a new trial on a single ground, namely, inadequate damages, plaintiff may thereby restrict the trial justice to a consideration solely of that issue.

The motion is actually for a new trial and should not be confused with the ground upon which it is sought. On such a motion it is for the trial justice to exercise his independent judgment to determine whether, in the interest of obtaining a fair trial and doing substantial justice between the parties, a general or a partial new trial is warranted. *Riley* v. *Tsagarakis,* 53 R. I. 261. That being so, it follows that this court is not necessarily bound to order a new trial on damages only where, as here, the trial justice denied the motion and the evidence clearly preponderates in favor of the defendant on the liability.

Accordingly the plaintiff's motion to reargue the case of Jerome Goodman v. Walter Zawadowicz, Ex. No. 9466, is granted only to the extent that the order in our opinion

that this case "is remitted to the superior court for entry of judgment on the verdict" should now be changed to read that such case "is remitted to the superior court for a new trial on all issues."

*Martin M. Zucker,* for plaintiffs.

*Albert Lisker,* for defendant Walter Zawadowicz.

*William B. Sweeney,* for defendants Edward E. Evans and Edward A. Evans, Jr.