389 A.2d 1254.

AUGUSTINE BRIMBAU *v*. AUSDALE EQUIPMENT RENTAL CORP.

AUGUST 10, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   This is a petition for reargument. The plaintiff in a civil action tried before a jury in the Superior Court recovered $629,935 for injuries he suffered when a cable which supported a boom and bucket on a backhoe snapped causing the boom and bucket to fall on him. The defendant appealed from that judgment claiming that the trial justice had incorrectly instructed the jury that Rocco Marzano, who operated the backhoe at the time of the accident, was an agend of the defendant corporation. Mr. Marzano was employed by Marzano Construction Company, Inc., but was also president and treasurer of Ausdale Equipment Rental Corporation, which owned and leased the backhoe to Marzano Construction. The defendant asserted, and we agreed, that the issue of whether Marzano was an agent of the defendant corporation acting within the scope of his agency at the time of the negligent act of which the plaintiff complained was a question of fact which should have been submitted to the jury. *Brimbau* v. *Ausdale Equipment Rental Corp.*, 119 R.I. 14, 28, 376 A.2d 1058, 1065 (1977). For this reason, we reversed the judgment and remanded the case to the Superior Court for a new trial. *Id.* at 29, 376 A.2d at 1065.

The plaintiff then filed this petition for reargument seeking to relitigate the merits of defendant's appeal. On October 20, 1977, we granted the petition in part, ordering argument on the single issue of whether retrial should be limited to the question of liability.

The Supreme Court may at its discretion reexamine its

own decision within a reasonable time after rendition. Sup. Ct. R. 25; *Sklaroff* v. *Stevens,* 84 R.I. 1, 9, 120 A.2d 694, 698 (1956). The purpose of reargument is to afford a petitioner an opportunity to point out matters presented in the briefs and relied upon in the original argument which he believes were overlooked or misapprehended by the appellate court in reviewing the case. *See Rhode Island Hospital Trust Co.* v. *Rhode Island Covering Co.,* 96 R.I. 178, 190 A.2d 219 (1963); *Winsten* v. *Slefkin,* 88 R.I. 178, 191, 150 A.2d 648, 648 (1958). The burden is on the petitioner to demonstrate error in the court's opinion. *See Lapierre* v. *Greenwood,* 85 R.I. 484, 492, 135 A.2d 269, 269 (1957). We conclude that petitioner in this case has not met that burden.

It is well settled that this court, in the exercise of its appellate jurisdiction, may remand a case for a new trial when justice so dictates.

We recognize that there is a trend towards limiting retrial to specific issues whenever possible. However, the question of what should be done in a given case is largely a matter of discretion. *See Goodman* v. *Zawadowicz,* 84 R.I. 50, 58, 129 A.2d 541, 542 (1957); *Clark* v. *New York, N.H. & H.R.R.,* 33 R.I. 83, 102-03, 80 A. 406, 413-14 (1911). Because of the highly emotional factors present in cases involving personal injury, the power of this court to limit retrial to the issue of liability should be exercised cautiously and only where the issue of damages was clearly distinct and readily separable from the issue of liability and when the error committed by the trial court ostensibly relating to the issue of liability in no way affected the determination on the issue of damages. *See Devine* v. *Patteson,* 242 F.2d 828, 832-33 (6th Cir. 1957); *Murray* v. *Krenz,* 94 Conn. 503, 507, 109 A. 859, 861 (1920); *Labree* v. *Major,* 111 R.I. 657, 678-79, 306 A.2d 808, 820 (1973); *Griffin* v. *Boston & M.R.R.,* 87 Vt. 278, 295-96, 89 A. 220, 228 (1913).

The petitioner has not demonstrated that the erroneous adjudication of liability below in no way affected the determination of damages.

The case is therefore remanded to the Superior Court for a new trial in accordance with our original opinion.

*Gunning, LaFazia & Gyns, Inc., Raymond A. LaFazia, Joseph A. Kelly,* for plaintiff.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for defendant.