Ann KWARCIAK

v.

STAR MARKET, et al.

No. 83–466–Appeal.

Supreme Court of Rhode Island.

March 20, 1986.

Anthony DiPetrillo, Providence, for plaintiff.

Peter S. Haydon, Lipsey & Skolnik, Lawrence P. McCarthy, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from an order of a justice of the Superior Court granting a motion for new trial after a verdict had been rendered in favor of the plaintiff for $2,211.80 plus interest and costs. We affirm.

The facts of the case insofar as pertinent to this appeal are as follows. On Friday, September 19, 1980, at approximately 8 p.m., Ann Kwarciak (plaintiff) alighted from a bus at a point near the parking lot in front of the Lakewood Star Market (Star). The night was dark and damp, and the parking lot was occupied by a large number of vehicles.

As plaintiff proceeded to traverse the parking lot, which spanned approximately 300 feet between the bus stop and the store, she noted a number of young men between eighteen and twenty years of age violently pushing shopping carts at one another. She first noted this activity when she was about 25 to 30 feet away from the young men. She testified that although she attempted to avoid the carts, she was nevertheless struck by one cart that knocked her to the ground and by another cart that ran over her hand. The plaintiff testified at the trial that she had observed similar types of horseplay on three or four prior occasions and that on one occasion she noted the presence of an employee of Star, who chased the young men away. At an earlier deposition plaintiff stated that she had not seen "kids" playing with shopping carts at the store.

The store manager employed by Star at this location testified that he had never seen, during a period of two years prior to this incident, any young men or boys playing with shopping carts in the parking lot. This testimony was corroborated by another store employee.

Testimony was admitted into evidence that plaintiff had injured both knees and her hands, which were already partially disabled by arthritis and that she was suffi-

ciently disabled that she could not work for a period of four weeks for which she lost an average salary of $223 per week. Testimony was admitted that her dentures were split and had to be replaced at a cost of $900 and that she had incurred a medical charge from Dr. Americo A. Savastano in the amount of $255. Doctor Savastano testified that although the arthritis was not aggravated by the injury, plaintiff was totally disabled as far as work was concerned at the time that he saw her. The doctor stated that "the contusion of the wrist and hands and left knee and the contusion of the right knee were * * * due to the accident of September 19, 1980." He also testified that he attributed the occasional buckling of her right knee to this accident as well.

On this state of the evidence, the jury returned a verdict for plaintiff in the amount of $2,211.80 and further found that Star was only 10 percent negligent and that plaintiff was 90 percent negligent in their respective contributions to this injury. The trial justice, after a review of evidence regarding liability, stated that he believed that the jury's finding in regard to percentages of negligence was against the preponderance of the evidence and that its finding about the damages did not administer substantial justice between the parties, failed to respond to the merits of the controversy, and was also against the fair preponderance of evidence on the question of damages. The sole issue presented by this appeal is whether the trial justice erred in granting the motion for new trial on both liability and damages.

We have carefully reviewed the evidence in this case and shall consider this evidence in the light of our well-settled rule concerning the standard to be applied in reviewing a trial justice's decision on a motion for new trial.

We have stated on many occasions that a trial justice, in passing upon a motion for new trial, assumes the role of the seventh juror and "brings into play his or her more experienced judgment by inde-

pendently reviewing all of the material evidence in the light of the charge to the jury, passing upon the weight thereof, and assessing the credibility of the witnesses who appeared at trial." *Connors v. Gasbarro,* 448 A.2d 756, 759 (R.I.1982). The trial justice thereafter must determine whether the evidence and the respective inferences that flow from such evidence are in such equilibrium that reasonable persons could arrive at different results in deciding the case. If so, the motion for new trial must be denied. However, if the trial justice determines that the jury's verdict is against the fair preponderance of the evidence, a new trial must be ordered. *Kelly v. C.H. Sprague & Sons Co.,* 455 A.2d 1302 (R.I.1983); *Fonseca v. Balzano,* 454 A.2d 700 (R.I.1983). In making his or her decision, the trial justice need not engage in an exhaustive review and analysis of all of the evidence and testimony presented at trial. He or she need only make reference to such facts disclosed by the testimony as have motivated his or her conclusion. Such a review and advertence to the salient elements of the case should be sufficient to enable the reviewing court to determine whether the trial justice was warranted in reaching such conclusions. *Zarrella v. Robinson,* 460 A.2d 415 (R.I.1983); *Yammerino v. Cranston Tennis Club, Inc.,* 416 A.2d 698 (R.I.1980).

We have often stated that a trial justice's decision on a motion for new trial, when he follows the process outlined in the foregoing cases, will be accorded great deference by this court and will be disturbed on appeal only in the event that the trial justice has overlooked or misconceived relevant evidence on a material issue or was otherwise clearly wrong. *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.,* 474 A.2d 436 (R.I.1984); *Zarrella v. Robinson; Fonseca v. Balzano; Connors v. Gasbarro,* all *supra.*

In the case at bar, we are of the opinion that the trial justice did follow the necessary procedures set forth in the cases cited above. The defendant obviously disagrees

with the factual findings of the trial justice and cites particularly his reliance upon plaintiff's testimony that she had observed similar horseplay in the past. Star suggests that this statement is unworthy of belief since plaintiff testified differently at a deposition. On a motion for new trial, it is the prerogative and the duty of the trial justice to exercise his independent judgment about the credibility of witnesses. He need not necessarily come to a conclusion identical to that of the jury. Proof of a prior inconsistent statement may be taken into account by the trier of fact, but it does not necessarily deprive the witness of credibility. Consequently, we cannot say that the trial justice was clearly wrong in deciding that there was evidence of defendant's negligence in the case at bar. The trial justice emphatically disagreed with the jury's finding that plaintiff was 90 percent responsible for her own injuries. In the circumstances of the case, even though the trial justice did advert to plaintiff's age in reaching his determination, we cannot say that he was clearly wrong in finding that her conduct was less culpable than the finding of the jury would indicate.

On the issue of damages, it is true that the trial justice spoke only briefly of the inadequacy of the award. He did state that in his opinion the award of damages failed to respond to the merits of the controversy. Our independent examination of the transcript, including the testimony of plaintiff, the affidavit concerning the cost of the dentures, and the testimony of Dr. Savastano, leads us to the conclusion that the trial justice was correct in his finding that the award was grossly inadequate.

■ It is true that the trial justice might have granted an additur in the case but was reluctant to do so because of the effect of the finding of comparative negligence upon the assessment of damages. We dealt with a similar problem in a recent case and held that in the circumstances, it was not an abuse of discretion for the trial justice to decline to award a remittitur and to order an unconditional new trial, *see Cotrona v. Johnson & Wales College,* 501 A.2d 728 (R.I.1985). We feel that similar principles should be applied in the instant case since the issue of damages may not have been clearly distinct and readily separable from the issue of liability. In such a situation, the limitation of retrial to a single issue must be exercised with caution. *See Brimbau v. Ausdale Equipment Rental Corp.,* 120 R.I. 670, 389 A.2d 1254 (1978). It was certainly not an abuse of discretion in this case for the trial justice to grant the motion for new trial in respect to both liability and damages.

For the reasons stated, the appeal of the defendant is denied and dismissed. The decision of the Superior Court ordering a new trial is hereby affirmed. The papers in the case may be remanded to the Superior Court for further proceedings.