CHARLES W. CASSIDY *et al.* *vs.* BRIDGET McDONALD, *Exerx.*

JANUARY 8, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Exceptions. Charge.*

Where there are no erroneous statements of law in the instructions to the jury, the court will not sustain an exception to the charge, although the instructions might well have been more comprehensive.

The omission by the court to charge upon some issue in the case or its failure to define an essential legal term is not ground for exception. An exception can only be based upon the action which the court takes upon a request for instructions covering an alleged omission.

PROBATE APPEAL. Heard upon exceptions of appellants and overruled.

SWEETLAND, C. J.   The above entitled cause is an appeal from a decree of the Municipal Court of Providence admitting to probate an instrument purporting to be the last will and testament of Elizabeth Cassidy, late of Providence.

The appeal was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict sustaining the instrument as the last will of Miss Cassidy.   The appellants duly filed a motion for new trial which was denied by the justice.   The cause is before us upon the appellants' exception to the decision of the justice on the motion for new trial and also upon certain exceptions taken to the charge of the justice to the jury.

The substantial reasons of appeal are that Miss Cassidy was not of sound and disposing mind at the time of the execution of the instrument in question, and also that she was induced to sign the instrument through undue influence.

It appears in evidence that Elizabeth Cassidy had never married; that at the time of the execution of the instrument she was about forty years old; since childhood she had suffered from epilepsy.   The epileptic seizures increased in frequency until her death.   About two years and four months after the execution of the will she was committed to the State Hospital for the Insane as a person of unsound mind and remained there until her death in 1921.   The appellants are a brother and niece of Miss Cassidy to whom she made small bequests.   The chief beneficiary is the appellee, executrix of the will, an aunt of Miss Cassidy.

In our opinion the evidence would not warrant a finding that the execution of the instrument in question was induced by undue influence exerted upon the mind of Miss Cassidy by her aunt, the appellee, or by any other person.

Upon the question of whether Miss Cassidy was possessed of testamentary capacity at the time of the execution of he instrument the evidence is conflicting.   There was evidence presented at the trial, which the jury was entitled to regard as controlling upon the question, which would justify the verdict.   The jury's finding has been approved by the justice

presiding at the trial. No circumstance appears in the evidence which would lead us to disturb his decision upon the motion for new trial.

The appellants excepted "to the entire portion of the charge dealing with undue influence". We have examined that part of the charge of the justice to which the exception relates. While upon this issue the justice might well have made his instructions more comprehensive, we find no erroneous statements of law in the instruction which he did give and we can not sustain the exception.

The appellants also excepted because the justice failed in the charge to define, or to define with sufficient clearness, what in law constitutes soundness and unsoundness of mind, and testamentary capacity. The exceptions of the appellants do not bring their objections before us. The appellants did not request the justice to define these terms to the jury, nor did the appellants present to the justice any written request to charge, which embodied the legal definition of the terms. The rule is well established, and it is a valuable rule of practical application in the circumstances surrounding jury trials, that the omission by a judge presiding at a jury trial to charge upon some issue in a case, or his failure to define an essential legal term is not ground for exception. An exception can only be based upon the action which the justice takes upon a request for instructions covering an alleged omission.

All the appellants' exceptions are overruled and the cause is remitted to the Superior Court for further proceedings following the verdict.

*Joseph H. Coen, Sol S. Bromson, James J. Nolan,* for plaintiff.

*James M. Gillrain, James E. Smith,* for defendant.