### JAMES MCFETTERS *vs.* VINCENZO CARDONE.

#### JANUARY 8, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Damages.  Compensatory and Punitive.*

The amount of an award of punitive damages is peculiarly a matter for the determination of a jury and the award should not be set aside by the court unless the amount clearly appears to be excessive or to represent the passion and prejudice of the jury rather than their unbiased judgment.

*(2)  New Trial.  Punitive Damages.*

Upon the question of the reasonableness of an award of punitive damages the determination of the justice presiding at the jury trial should be given great persuasive force by the appellate court.

*(3)  New Trial.   Punitive Damages.*

On a motion for new trial, the trial court may properly take into account the
financial ability of a defendant to respond in damages, which is always a
matter of vital consideration in estimating the amount which should be
awarded by way of punishment and  as a restraint to a defendant against
future acts of violence.

*(4)   Costs.*

On exceptions by plaintiff to an order of the trial court for a remittitur, the
court overruled exception but direct if judgment is entered that plaintiff
recover the costs of transcript in addition to his other costs.

TRESPASS FOR ASSAULT.   Heard on exception of plaintiff
and overruled.

SWEETLAND, C. J.   This is an action of trespass for
assault and battery.

The case was tried before a justice of the Superior Court
sitting with a jury and resulted in a verdict for the plaintiff
for $500.   The defendant duly filed his motion for new trial
on the ground, among others, that the damages awarded
were excessive.   The justice decided that a new trial should
be granted unless the plaintiff would remit all of the verdict
in excess of $200.   The plaintiff was unwilling to file such
remittitur and the case is before us upon the plaintiff's
exception to the decision of the justice.

There was evidence before the jury which warranted the
following findings of fact:   The plaintiff and defendant were
each unskilled laborers;  the plaintiff had performed some
service for the defendant and claimed that there was an
unpaid balance due him of one dollar and a half.   Just
before the alleged assault the defendant was raking the
lawn upon the grounds of the man for whom he worked.
The plaintiff, seeing the defendant, left the highway and,
going in to him, without invitation, demanded payment of
said balance which the defendant refused.   The plaintiff
then threatened to have the defendant arrested and to
attach his cow.   Enraged at the persistence of the plaintiff
the defendant struck him upon the head with the prong-
end of the rake which the defendant was using, lacerating

the plaintiff's scalp. The plaintiff had the wounds dressed three times by a surgeon. The wounds healed in about ten days. The plaintiff lost no wages as a result of the assault.

The justice charged the jury that if they found the defendant liable for the assault they might award the plaintiff compensatory damages and also exemplary damages. The justice, however, did not instruct the jury as to the nature of exemplary damages, nor the considerations which should govern them in assessing such damages.

The plaintiff claims that in ordering a remittitur the justice considered solely the matter of compensation and overlooked that some portion of the verdict represented the jury's award for punitive damages. The language of the decision does not support this contention. The justice fixed upon $200 as "ample compensation for the plaintiff for his injury and would serve as a sufficient deterrent for the defendant in the future". The nature of the assault warranted not only compensation but punishment. The amount of an award of punitive damages is peculiarly a matter for the determination of a jury, and the award should not be set aside by the court unless the amount clearly appears to be excessive, or to represent the passion and prejudice of the jury rather than their unbiased judgment.

In deciding that the verdict should be reduced we must conclude that the justice regarded the punitive damages awarded to be grossly excessive in amount. Some members of the court feel that the justice was not warranted in thus substituting his judgment for that of the jury, and that his decision should not be upheld. A majority of the court, however, are of the opinion that even upon the question of the reasonableness of an award of punitive damages the determination of a justice presiding at a jury trial should be given great persuasive force by us. He saw the parties on the stand. He was in a position to make an estimate of some value as to their ordinary disposition with regard to quarrelsomeness and observance of the peace. He reasonably might consider the natural provocation to the

defendant, from the plaintiff's language, his admitted threats and his continued noisy presence upon the premises of the defendant's employer, and moreover the justice properly might take into account the apparent meager financial ability of the defendant to respond in damages, which is (3) always a matter of vital consideration in estimating the amount which should be awarded by way of punishment and as a restraint to a defendant against future acts of violence. It is, however, not without hesitation that the majority approve the amount of damages fixed by the justice.

It is ordered that the cause be remitted to the Superior Court for a new trial unless the plaintiff on or before January 15, 1926, files in the clerk's office of the Superior Court his remittitur of all of said verdict in excess of $200. If the plaintiff files his remittitur within the time fixed, the Superior Court is directed to enter judgment for the plaintiff in the sum of $200; and it is further ordered that upon the entry of such judgment the court shall award costs to the plaintiff including the plaintiff's costs for the transcript certified to this court, as well as the plaintiff's costs in the Superior Court.

*Knauer & Fowler*, for plaintiff.

*Uldrich Pettine, Benjamin Cianciarulo*, for defendant.