RINALDO J. CONTI *vs.* WALTER WINTERS, INC.

DECEMBER 6, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action of the case for deceit arising out of the sale of an automobile. It was tried in the superior court to a jury which returned a verdict for the plaintiff for $1,750. The defendant filed a motion for a new trial which was denied. Its exception to such denial

and to two portions of the charge make up its bill of exceptions.

On April 8, 1954 plaintiff went to defendant's place of business to buy an automobile. The defendant's salesman showed him one which was in the showroom where new automobiles were on display. According to plaintiff's testimony, the salesman told him that the automobile was a demonstrator which was used solely by defendant's employees; that it had not been driven over 3,500 miles and was as good as a new car; and that relying on this statement he bought the automobile for $2,035.92. He also testified that the speedometer registered between 3,400 and 3,500 miles.

Theodore Sloan testified that he bought this automobile in November 1952, drove it some 15,000 miles, and traded it in when he bought a new car from defendant in January 1954. The defendant's salesman admitted that he knew it had been traded in by Mr. Sloan and was not a demonstrator, but denied that he told plaintiff it was a demonstrator although he stated he told him that it "was like new." There is evidence from which the jury might have found that the automobile was worth as little as $1,325.

The following excerpt from the transcript discloses the exceptions to the charge taken by the parties. The plaintiff's attorney stated: "I object to the statement near the end: 'In order to prove punitive damages it is necessary for the Plaintiff to prove the act was wanton and malicious.' And I would like to take exception to the portion where the Court said that the Supreme Court has stated that 'punitive damages shall not be given unless the act was wanton and malicious.'" The defendant's attorney stated: "I would like to take exception to the first one but I think an additional element of fraud and deceit is that the party making a statement must know it to be false. Secondly, I would like to take exception to the entire question of punitive damages because I feel that the Plaintiff's declaration

is not drafted in such a manner as to allow punitive damages."

The exceptions set forth in defendant's bill of exceptions are as follows: 1. To the instructions of the trial justice as to the elements of fraud and deceit. 2. To the instructions of the trial justice concerning punitive damages. 3. To the ruling of the trial justice denying defendant's motion for a new trial.

The trial justice did not charge the jury that knowledge by defendant of the falsity of the statement was a necessary element of deceit. This was error. *O'Gorman* v. *Haber*, 50 R. I. 351, 353. It is our opinion, however, that a finding of such knowledge is implicit in the verdict. The jury found that defendant's salesman said the automobile was a demonstrator. The salesman admitted that he knew it was not a demonstrator and therefore he would have to admit that if he said it was, he knew the statement would be false. This error was harmless and the first exception is overruled.

The defendant neither briefed nor argued the other exceptions to the charge which it actually took, nor did it brief or argue the one stated in its bill of exceptions. Such failure constitutes a waiver of these exceptions. We shall, however, note its argument on the phase of the case that the evidence did not warrant the submission to the jury of the question of punitive damages. We do not agree. Such damages may be awarded against a corporation when there is evidence from which it may be inferred that management participated in the fraudulent conduct. See 8 R.C.L., Damages, §141.

A jury might reasonably have concluded that the placing of the used automobile among or near new ones—an act designed and intended to deceive—was authorized by the management. Furthermore, the trial justice charged the jury to be very cautious in awarding punitive damages. His charge on this issue was correct, and had the defendant

460

wanted the words "wanton and malicious" defined or the charge otherwise amplified it should have asked the trial justice to cover those matters. See *Cassidy* v. *McDonald,* 47 R. I. 147, 149. The trial justice should be given the opportunity to avoid error as was done with reference to the matter of knowledge.

The exception to the denial of a new trial is without merit. Here again the defendant renews his arguments which we have discussed, apparently under the erroneous impression that since it claims the instructions were wrong the verdict was against the law. It is well settled that the trial justice is bound by his own instructions, and on a motion for a new trial one of his inquiries is: Did the jury follow them? The trial justice recognized this rule in what he stated in his decision denying the motion.

While not directly briefed or argued, we have considered the amount of punitive damages. In *McFetters* v. *Cardone,* 47 R. I. 144, at page 146, this court stated: "The amount of an award of punitive damages is peculiarly a matter for the determination of a jury, and the award should not be set aside by the court unless the amount clearly appears to be excessive, or to represent the passion and prejudice of the jury rather than their unbiased judgment." The trial justice found that the jury had not gone too far on this award and we cannot say that he was clearly wrong.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*James J. McAleer,* for plaintiff.

*James Cardono,* for defendant.