MARY SILVEIRA *vs.* JOHN E. MURRAY, JR., *Treasurer of the City of Newport.*

JUNE 18, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is an action of trespass on the case for negligence to recover damages for personal injuries sustained by the plaintiff as the result of a fall on an alleged defective sidewalk maintained by the city of Newport. The case was tried in the superior court and resulted in a verdict for the plaintiff in the amount of $2,500. It is before us on the plaintiff's single exception to the decision of the trial justice granting the defendant's motion for a new trial unless the plaintiff remitted all of the verdict in excess of $1,650.

The only question raised by plaintiff's exception is whether the trial justice erred in disturbing the amount of the jury's verdict and in failing to limit the new trial to the issue of damages only.

The plaintiff was injured on March 17, 1959 by tripping on a stone set in a sidewalk maintained by the city. She was taken to the hospital for medical attention, but returned home the same day. She remained home in bed for six days

and had a total convalescence of six weeks. She was first seen by her own physician, Dr. Frank J. Logler, on March 20, 1959, when he removed the stitches from her nose. From March 20 to May 14, 1959 she visited him five times. In May 1959 he referred her to Dr. Maurice L. Silver, a neurosurgeon, because she was complaining of headaches. She testified she visited Dr. Silver twice in May 1959, that she suffered from double vision and headaches, and that she had headaches two or three times a month up to the time of the trial.

Doctor Logler described her injuries as follows: A stellate laceration about half an inch in size running in two directions down near the tip of her nose, fracture of a bone in the middle of the nose, two black eyes, brain concussion, and a scar which resulted from the laceration on her nose. He testified that nothing had to be done with respect to the fracture of the nose; that the nose fracture healed in about three weeks; that the black eyes healed; that the laceration began to heal three days after the accident; that the lacerated nose was completely healed within ten days; and that she has a visible scar on the tip of her nose.

It appears from the evidence that plaintiff's total special damages amount to approximately $160. These include medical expenses totalling $95.50 and $63.95 for damaged clothing. We have discussed in some detail the evidence pertaining to the nature and extent of her injuries because the principal issue raised by plaintiff's exception relates to the question of damages.

The defendant's motion for a new trial was based on the grounds that the verdict is against the law and the evidence and the weight thereof; that it fails to do substantial justice between the parties; and that the damages assessed by the jury are grossly excessive. In passing on such motion the trial justice carefully reviewed the material evidence with respect to the issues of damages and liability. In the exercise of his independent judgment he expressly approved

the jury's finding that the city's negligence was the proximate cause of the injuries sustained by plaintiff and that she was free of contributory negligence.

On the issue of damages, however, he concluded that the amount assessed by the jury was grossly excessive. In considering this question he referred to the fact that the special damages totaled only $160. He also stated that he was not "fully convinced that the headaches were as testified to by the plaintiff * * *." With reference to certain remarks made by plaintiff's counsel in his argument to the jury the trial justice stated "the Court feels that argument of counsel to the jury wherein he made the so-called 'golden rule' argument had a prejudicial effect, and is the reason why the verdict is in the amount of $2500."

After reviewing other portions of the evidence pertinent to the question of damages the trial justice decided that the verdict was grossly excessive. In accordance with the rule set forth in *Reynolds* v. *Davis*, 54 R. I. 185, 186, he fixed the amount which in his independent judgment the jury should have awarded in order to do substantial justice between the parties as approximately $1,500 for pain and suffering and approximately $160 for special damages. Accordingly, he granted defendant's motion for a new trial unless plaintiff remitted all of the verdict in excess of $1,650.

The plaintiff has briefed and argued her exception attacking the correctness of the trial justice's decision under three main points. For convenience we shall treat her contentions in like manner.

Under points I and II plaintiff contends that the argument of her counsel was not improper and that therefore the trial justice erred in granting defendant's motion for a new trial on that ground. The following circumstances gave rise to this issue. Immediately upon the close of the argument to the jury by plaintiff's counsel, counsel for defend-

ant approached the bench with him to object to the last portion of the argument wherein, defendant alleges, plaintiff's counsel made the following statement: "Treat her as you would have her treat you if she were in your place."

The transcript contains no record of the alleged improper statement. The plaintiff claims that defendant's recollection of what he objected to is vague and that, in fact, defendant informed the trial justice that he was objecting to plaintiff's statement to the jury asking them to treat plaintiff as they would have her treat them if she were in their place "or words to that effect."

On the basis of the record before us we cannot determine the precise statement allegedly made by plaintiff's counsel. Indeed, the trial justice stated that he could not recall the exact wording of what was said and that he could not locate the note on which he made a record of such statement. In addition, after the trial justice rendered his decision on the motion for a new trial, plaintiff's counsel made a statement to him denying that defendant's version of the alleged statement was correct. In any event we are satisfied that the error, if any, was cured by the trial justice's charge.

He specifically instructed the jury therein that "prejudice, sympathy and passion should not be permitted to influence you in the course of your deliberations. All that either party here expects, or for that matter is entitled to is a verdict based upon your fair, conscientious, and scrupulous examination of all of the evidence that is before you * * *." The plaintiff did not challenge the correctness of these instructions and they therefore became the law of the case.

The plaintiff relies in support of her contentions under points I and II on two major premises with which we do not agree. In the first place, she assumes that the trial justice based his decision on the alleged improper statement and, secondly, that he allowed such statement to become the law of the case. In our opinion he predicated his deci-

sion on his finding, after an independent review of all the evidence and after exercising his independent judgment, that there was a demonstrable disparity between the amount of the damages assessed by the jury and the pain and suffering shown by the evidence to have been endured as a consequence of the injury and that therefore the verdict was grossly excessive. *Tilley* v. *Mather,* 84 R. I. 499, 502.

There is no merit in plaintiff's contention that the trial justice was attempting to correct his own error of law. *Industrial Trust Co.* v. *Feuer,* R. I., 177 A. 351, is not in point and requires no further discussion. In our opinion the trial justice's finding that the jury were influenced on the issue of damages by the alleged improper statement of plaintiff's counsel was merely another way of indicating that in his opinion they had failed to heed his instructions that they were not to be influenced by prejudice, sympathy and passion.

We come now to plaintiff's contention under point III that the decision of the trial justice is in error. In our opinion he has performed his duty in accordance with the rule laid down in *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292, and his decision should not be disturbed unless it is clearly wrong. *Loughran* v. *McKenna,* 60 R. I. 453. After careful consideration we cannot say that in performing his duty he overlooked or misconceived any material evidence. Nor can we say that he was clearly wrong in finding that the verdict was grossly excessive and that the jury had failed to follow his instructions on the issue of damages. See *Barry* v. *Kettelle,* 49 R. I. 50, 53.

There is merit, however, in plaintiff's contention that the trial justice should have limited a new trial to the issue of damages. The jury's verdict on the question of negligence and the trial justice's approval thereof is supported by the fair preponderance of the evidence. We find nothing in the record which would furnish any ground for a strong presumption that the verdict was the result of compromise.

See *Loughran* v. *McKenna, supra.* While it is true, as the court pointed out in *Loughran* and the cases cited therein, that the power to grant a new trial on the issue of damages only is within the discretion of the trial justice, it is our opinion that in the circumstances of the instant case the trial justice should have granted the motion for a new trial on damages only. See *Taillon* v. *Boyle,* 86 R. I. 156.

The plaintiff's exception is sustained in part and denied in part, and the case is remitted to the superior court for a new trial on the question of damages only unless the plaintiff shall, on a date to be fixed by the superior court, file in the office of the clerk of that court a remittitur of all of the verdict in excess of $1,650. If such remittitur is filed, the superior court is directed to enter judgment for the plaintiff on the verdict as reduced by the remittitur.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo, Francis J. Boyle,* for plaintiff.

*James S. O'Brien,* City Solicitor for City of Newport, for defendant.