Owen KELLY et al.

v.

**C.H. SPRAGUE & SONS CO. et al.**

No. 80–24–Appeal.

Supreme Court of Rhode Island.

Jan. 26, 1983.

Rice, Dolan, Kiernan & Kershaw, Leonard A. Kiernan, Jr., James A. Currier, Providence, for plaintiffs.

Decof & Grimm, Leonard Decof, Providence, for defendants.

OPINION

MURRAY, Justice.

This is an appeal by the defendants, C.H. Sprague & Sons Company and Petroleum

Heat & Power Company, from an order granting the plaintiffs' motion for a new trial. The plaintiffs are members of Teamsters Union Local No. 251 and were employed by defendant Petroleum Heat & Power Company (Petro) as fuel-oil truck drivers. Petro is a subsidiary of C.H. Sprague & Sons Company (Sprague). Both Petro and Sprague are involved in the retail sale of fuel oil. Petro sells both light and heavy grades of oil to residential and industrial customers. Sprague sells heavier grades to industrial accounts.

The controversy in the present case arose out of a 1974 labor dispute. A collective-bargaining agreement that was in effect between Local No. 251 and Petro expired on March 31, 1974. After negotiations for a new agreement proved unsuccessful, the drivers went on strike. The strike lasted fourteen weeks, after which Petro and the union signed a new collective-bargaining agreement that was made retroactive to April 1, 1974. It is undisputed that prior to the strike, Petro drivers delivered oil to Sprague customers, as well as to Petro accounts. It is also undisputed that during the strike, Sprague hired independent haulers to deliver the accounts previously serviced by Petro drivers. Following the strike, Sprague retained the independent haulers. Consequently, the number of truckers employed by Petro was reduced from thirteen full-time drivers to three full-time drivers and some seasonal workers. The plaintiffs brought suit against both defendants for damages resulting from breach of the collective-bargaining agreement.

At trial, plaintiffs presented evidence to show that Petro and Sprague were a single corporate entity and that Sprague's use of independent haulers violated a provision of the collective-bargaining agreement that

was finally signed by plaintiffs' union and Petro.[1] The trial justice, after instructing the jury, provided written interrogatories to be answered. The first interrogatory, which asked the jury to determine whether Petro was "so organized and controlled, and its affairs so conducted as to make it merely an instrumentality or agency of the parent corporation" Sprague, was answered in the affirmative. The second interrogatory asked whether "the defendants breach[ed] the contract with the union regarding employment of the plaintiffs." The jury responded in the negative.

The plaintiffs subsequently filed a motion for a new trial which the trial justice granted. In his written decision, the trial justice found that there was adequate evidence to support the jury's determination that the two corporations were really one. On the second question, however, the trial justice found, after reviewing the evidence, that the jury had misconceived almost uncontradicted evidence from both sides that as a result of a deliberate corporate management decision Sprague customers were being serviced by independent truckers. He found this evidence could only lead to the conclusion that there had been a breach of the collective-bargaining agreement. On that basis, he granted plaintiffs' motion for a new trial.

The plaintiffs urged the trial justice to order a new trial solely on the issues of breach of contract and damages and to leave undisturbed the jury verdict as to the unity of the two corporations. The trial justice, stating that he did not feel that would be appropriate, ordered a new trial on all of the issues. The defendants, Petro and Sprague, appealed from the order granting a new trial to plaintiffs. The plaintiffs cross-appealed from the grant of

---

1. The relevant section provides in pertinent part:

> "*Article XIX, Section 9.* The Employer will not hire outside trucks except to supplement its own equipment when such equipment is in full use. When hired trucks are required, the Company may hire satisfactory equipment from any concern that has a contract with Local Union No. 251 whose employees are members of the Union in good standing. If none are available, they may be hired from any concern, provided they are operated by members of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America."

a new trial on all issues. We affirm the trial justice's grant of a new trial on all of the issues.

■ As this court has said on many occasions and reiterated recently in *Connors v. Gasbarro,* R.I., 448 A.2d 756 (1982), when considering a motion for a new trial, the trial justice assumes the role of a super-juror. He or she independently reviews all of the material evidence in light of the charge to the jury, passing upon the weight of the evidence and assessing the credibility of the witnesses. If the trial justice then determines that the evidence and the reasonable inferences to be drawn therefrom are so nearly balanced that reasonable persons could arrive at different results in deciding the case, the new trial motion must be denied. If, however, the trial justice concludes that the jury's verdict is against the fair preponderance of the evidence, he or she must grant the motion for a new trial. *Id.* 448 A.2d at 759.

■ When the trial justice has properly performed his or her new trial duties, the ruling on a motion for a new trial is entitled to great weight and will not be disturbed on appeal unless the trial justice has overlooked or misconceived material evidence or is otherwise clearly wrong. *Id.; see Mouchon v. Erikson's, Inc.,* R.I., 448 A.2d 776, 778 (1982).

The defendants argue that the trial justice erred in granting a new trial because he misconceived or overlooked material evidence concerning the illegality of the contract and the waiver of the agreement by a union official. We find this argument to be without merit.

The matters of illegality and waiver are affirmative defenses that must be pleaded under the provisions of Rule 8(c) of the Superior Court Rules of Civil Procedure.[2]

The defendants, by their own admission, failed to plead these affirmative defenses. Moreover, they did not raise them at any time during trial nor did they request jury instructions regarding these defenses. They raise them for the first time in this appeal.

This court has recently held that the failure to plead an affirmative defense under the provisions of Rule 8(c) results in its waiver. *Associated Bonded Construction Co. v. Griffin Corp.,* R.I., 438 A.2d 1088, 1091 (1981); *Duquette v. Godbout,* R.I., 416 A.2d 669, 670 (1980). This holding is consistent with cases that have construed Fed. R.Civ.P. 8(c). *See, e.g., Jakobsen v. Massachusetts Port Authority,* 520 F.2d 810, 813 (1st Cir.1975). *See* 5 Wright & Miller, *Federal Practice and Procedure:* Civil § 1270 (1969). As this court said in *Associated Bonded Construction Co.,* "Application of federal case law to analyze and construe our procedural rules is appropriate since the federal rules serve as a model for our own." R.I., 438 A.2d at 1091 n. 2.

Although there is no case in Rhode Island which deals specifically with the defenses of illegality or waiver, it is well established in the federal courts that when a party fails to plead or raise these defenses at trial, the party cannot raise them for the first time on appeal. *Glass Containers Corp. v. Miller Brewing Co.,* 643 F.2d 308 (5th Cir.1981) (waiver defense must be pleaded or it is waived according to Rule 8(c)); *International Brotherhood of Electrical Workers, Local Union Nos. 12, 111, 113, 969 v. Professional Hole Drilling Inc.,* 574 F.2d 497 (10th Cir.1978) (affirmative defense of illegality is waived if not pleaded and cannot be raised for first time on appeal); *Stanish v. Polish Roman Catholic Union of America,* 484 F.2d 713 (7th Cir.1973) (party had sufficient opportunity to raise defense of illegal-

**2.** Rule 8(c) of *Super.R.Civ.P.* provides in pertinent part:

"Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

ity; failure to do so resulted in waiver of right to raise on appeal); *Radio Corp. of America v. Radio Station KYFM, Inc.,* 424 F.2d 14 (10th Cir.1970) (affirmative defense of illegality waived if not pleaded); *General Teamsters, Chauffeurs, Helpers and Warehousemen's Union of America v. Lawrence-Mercer County Builders Association,* 88 F.R.D. 644 (W.D.Pa.1980) (affirmative defense of illegality waived if not pleaded).

One court has aptly explained the policy behind this rule:

"a litigant cannot strategically lie behind the log until after the trial and receipt of evidence, argument, and charge to the jury before raising an issue not found in the pleadings nor included in the pre-trial order and then raise it when it is too late for his opponent to do anything about it. The manifest prejudice of such tactics would make a shambles of the efficacy of pre-trial orders and a fair trial." *Glass Containers Corp. v. Miller Brewing Co.,* 643 F.2d 308, 312 (5th Cir.1981) (quoting *Bettes v. Stonewall Ins. Co.,* 480 F.2d 92, 94 (5th Cir.1973)).

■ The defendants apparently assert that even though they failed to plead illegality and waiver, at trial they introduced sufficient uncontradicted evidence, which was not objected to by plaintiffs, to try these issues by implied consent. The defendants point to two portions of the record where they claim they presented evidence to support these defenses.[3] Although it is true that affirmative defenses such as waiver and illegality, even if not pleaded, may be raised and tried by implied consent of the parties, *Kenney v. Providence Gas Co.,* 118 R.I. 134, 372 A.2d 510 (1977); Super.R.Civ.P. 15(b),[4] it is abundantly clear that there was no such consent in this case.

In *Kenney* we set a standard for evaluating whether an unpleaded issue was tried by the implied consent of the parties:

"Despite the broad remedial purpose of Rule 15(b), implied consent to the trial of an unpleaded issue is not established merely because evidence which is relevant to an issue expressly embraced by the pleading will also inferentially suggest the unpleaded issue. There can be no implied consent under Rule 15(b) unless the parties clearly understand that the evidence in question is aimed at the unpleaded issue." 118 R.I. at 141, 372 A.2d at 513–14.

*See Order of St. Benedict v. Gordon,* R.I., 417 A.2d 881, 883 (1980); *Duquette v. Godbout,* R.I., 416 A.2d at 671.

It is clear from the record in the present case that none of the parties consented to try the issues of waiver and illegality. The defendants can point to only two statements in nearly 500 pages of testimony which defendants maintain support these two defenses. Obviously, the evidence cited by defendants to support their contention that these issues were tried was in fact raised with respect to other issues. The parties had no understanding that this evidence was directed at the unpleaded defenses. The defendants did not seek jury instructions on these alleged issues, nor did they object to the jury charge that contained no reference to illegality or waiver.

It appears that defendants have raised these issues as an afterthought, prompted by an inability to find other error in the

---

**3.** There was testimony by the sales manager for Sprague that Sprague management was concerned because Petro was hauling oil for Sprague without a P.U.C. license. This witness also testified that during contract negotiations, the union business agent, when told that Sprague might take its business to independent drivers if Petro drivers went on strike, replied that he was only concerned with Petro since his contract was with Petro.

**4.** The relevant portion of Rule 15(b) provides:

"Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." However, if the record indicates that an unpleaded affirmative defense was not tried by the implied consent of the parties, it will not be treated as if it had been pleaded. *See* 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1493 at 463–67 (1971); 5 Wright & Miller, *supra,* § 1278 at 346–49 (1969).

**1306**

record. These defenses were not pleaded or raised below and they were not tried by consent of the parties. We shall not permit them to be raised for the first time on appeal.

The defendants next contend that the trial justice misconceived material evidence when he stated in his decision that there was uncontradicted evidence of Sprague's use of "nonunion, independent truckers" to deliver fuel oil to its accounts that, prior to the strike, had been serviced by Petro drivers. We also find this contention to be meritless.

■ This court has held that "[m]ere inaccuracy of expression in a decision on a motion for a new trial does not constitute prejudicial error if the decision, when read and considered as a whole, shows that the trial justice performed his duty with proper regard to the rights of the parties under the law." *Nichols v. New England Telephone & Telegraph Co.,* 57 R.I. 180, 185, 189 A. 14, 16 (1937); *see Colaluca v. Monarch Life Insurance Co.,* 101 R.I. 636, 226 A.2d 405 (1967). Here, the trial justice's characterization of the independent truckers hired by Sprague as "nonunion" when viewed in the context of the entire decision is simply an inaccuracy of expression rather than a misconception. Moreover, it is not material to the question of whether the collective-bargaining agreement was breached.

The material evidence concerned the question of whether drivers other than Petro drivers who were members of Local No. 251 were hired by Sprague to deliver fuel oil that should have been delivered by Petro drivers under the terms of the collective-bargaining agreement. There was ample and uncontradicted evidence that established that Sprague had hired outside drivers to service their accounts, that these drivers were not members of Local No. 251, and that as a result of this hiring decision Petro drivers were laid off.

The trial justice clearly relied upon this evidence in finding that the jury misconceived the uncontradicted evidence that defendants breached the collective-bargaining agreement. We do not think that he overlooked or misconceived material evidence, nor do we find that he was clearly wrong. Therefore, we shall not disturb his order granting plaintiffs a new trial.

■ The plaintiffs urge on appeal, as they did below, that a new trial should be granted solely on the issues of breach of contract and damages. This court has noted that, whenever possible, a new trial should be limited to specific issues. *Mullaney v. Goldman,* R.I., 398 A.2d 1133, 1137 (1979); *Brimbau v. Ausdale Equipment Rental Corp.,* 120 R.I. 670, 672, 389 A.2d 1254, 1255 (1978). However, the question of what should be done in a given case is generally left to the discretion of the trial court. *Id.; Labree v. Major,* 111 R.I. 657, 678, 306 A.2d 808, 820 (1973); *Clark v. New York, New Haven & Hartford R.R. Co.,* 33 R.I. 83, 102–03, 80 A. 406, 413–14 (1911). Moreover, by requesting a new trial on a single issue, a party cannot deprive the trial justice of jurisdiction to order a new trial on all the issues in his or her sound judicial discretion. *Labree v. Major,* 111 R.I. at 678–79, 306 A.2d at 820.

■ This court will not disturb the exercise of a discretionary power by a trial justice unless it clearly appears that such discretion was improperly exercised or that there has been abuse thereof. *Paolino v. Paolino,* R.I., 420 A.2d 830, 834 (1980); *Berberian v. Travisono,* 114 R.I. 269, 273–74, 332 A.2d 121, 124 (1975). We do not find that the trial justice in the case before us abused his discretion in directing a new trial on all the issues. Accordingly, we shall not disturb his order in that regard.

For the reasons stated, the appeal is denied and dismissed, the order appealed from is affirmed, and the case is remanded to the Superior Court for a new trial on all of the issues.

SHEA, J., did not participate.