Gerald P. ZARRELLA

v.

Sidney H. ROBINSON.

No. 80–112–Appeal.

Supreme Court of Rhode Island.

May 11, 1983.

John A. Varone, North Providence, John D. Lynch, Warwick, for plaintiff.

Joseph J. McGair, Warwick, for defendant.

OPINION

MURRAY, Justice.

This is a civil action brought by the plaintiff, Gerald Zarrella, against Sidney Robinson for alienation of affections and criminal conversation. After a trial in Superior Court, a jury returned a verdict for the defendant on the first count, alienation of affections, and for the plaintiff on the second count, criminal conversation. The jury awarded the plaintiff $5,000 compensatory damages and $75,000 punitive damages. Thereafter, on the defendant's motion for a new trial or alternatively, a remittitur, the trial justice ordered a remittitur in the amount of $75,000 or a new trial on the issue of damages. The case is now before us on the plaintiff's appeal from that order.

The plaintiff and Lila Zarrella Robinson (Lila) were married on September 5, 1966. Although their testimony differed substantially regarding the nature of their relationship after that date, it appears that the marriage was a rocky one, to say the least. Lila testified that plaintiff had a hot temper and a jealous nature and that he began slapping and abusing her shortly after the honeymoon. The beatings subsided only during her three pregnancies. Lila described numerous incidents of verbal and physical abuse which apparently occurred more frequently in the later years of the marriage (1973–76) and which finally led her to seek a divorce in March 1976. Several of the confrontations were corroborated by a friend of the couple's, by their part-time housekeeper, and by plaintiff himself. Lila testified that by the time she filed for divorce in March 1976 and plaintiff moved out of their house in West Warwick, she had lost any love or affection that she might have had for him in the past.

The plaintiff testified that he met defendant Robinson through his business around 1970. Subsequently, the two began socializing together with their wives. The couples played tennis and took at least one vacation together in 1974. It was not until sometime in April 1976 that Lila and de-

fendant began seeing each other alone. Their clandestine meetings apparently ripened into an adulterous affair, although at trial both invoked the privilege against self-incrimination when questioned about the nature of their relationship.

The plaintiff first discovered that Lila and defendant were seeing each other on July 1, 1976. That evening he returned to the West Warwick house where Lila was living with their two children, assaulted Lila, and then proceeded to defendant's house at 2 a.m. and threatened him with a shotgun. The plaintiff was arrested and charged with assault in connection with these incidents.

Shortly thereafter, plaintiff and Lila attempted a reconciliation. They traveled together to Hawaii and Bermuda and resumed marital relations. On September 30, 1976, plaintiff signed a release prepared by his and defendant's attorneys. He agreed to discharge defendant from any possible claims or actions for alienation of affections or criminal conversation arising from incidents that occurred prior to July 5, 1976, in return for defendant's agreement not to press criminal charges in the July 2, 1976 incident.

The attempted reconciliation failed. At a November 1976 meeting, defendant told plaintiff that he loved Lila and intended to pursue the relationship. Shortly thereafter, plaintiff filed for a divorce from Lila. They continued to live together in the marital domicile, although in separate bedrooms, until February 1977 when she moved out. Lila moved in with defendant in May 1977, and her divorce from plaintiff was final at the end of June. On September 16, 1977, she and defendant were married.

After hearing all of the evidence, the trial justice ruled that as a matter of law the general release executed by plaintiff on September 30, 1976 was valid. He instructed the jury that they were to consider only the period following July 5, 1976, in their determination of liability and damages. With regard to damages, he told the jurors that they could award compensatory dam-ages to plaintiff on each count if they found defendant liable. He further instructed that punitive damages could be awarded only if the jury found that "the defendant's willful, adulterous conduct caused or contributed to the alienation of Lila Zarrella's affection for the plaintiff * * *." Neither party objected to the charge on punitive damages.

The jury returned a verdict for defendant on the first count, alienation of affections. However, they found defendant liable on count 2 and awarded plaintiff $5,000 compensatory damages and $75,000 punitive damages for criminal conversation.

The parties filed cross-motions for a new trial; in the alternative, defendant requested a remittitur. The trial justice denied plaintiff's motion. In response to defendant's motion, he ordered a new trial solely on the issue of damages unless plaintiff would remit all of the verdict in excess of $5,000. The plaintiff refused the remittitur and appealed the trial justice's order.

The only question presented for determination by this court is whether the trial justice acted correctly in denying plaintiff's motion for a new trial on count 1 and in granting defendant's motion for a new trial on the issue of damages for criminal conversation.

■ The duty of a trial justice on a motion for a new trial is well established. The trial justice must review independently all of the material evidence in light of the charge to the jury, passing upon the weight of the evidence and assessing the credibility of the witnesses. *Owen Kelly v. C.H. Sprague & Sons Co.*, R.I., 455 A.2d 1302, 1304 (1983); *Connors v. Gasbarro*, R.I., 448 A.2d 756, 759 (1982).

■ If the trial justice then determines that the evidence and the reasonable inferences to be drawn therefrom are so nearly balanced that reasonable persons could arrive at different results in deciding the case, the new-trial motion must be denied. If, however, the trial justice concludes that the jury's verdict is against the fair prepon-

derance of the evidence, he or she must grant the motion for a new trial. *Kelly v. C.H. Sprague & Sons Co.* and *Connors v. Gasbarro,* both *supra.*

Although the trial justice need not exhaustively evaluate the evidence, he or she should at least refer with some specificity to the facts that prompted his or her action in order to enable this court to determine whether the decision was warranted, or was based upon a misconception or an oversight of material evidence, or was otherwise clearly wrong. *Pimental v. Postoian,* 121 R.I. 6, 11, 393 A.2d 1097, 1100 (1978); *Morinville v. Morinville,* 116 R.I. 507, 511–12, 359 A.2d 48, 51 (1976). 'If the trial justice properly performs these new-trial duties and does not overlook or misconceive material evidence, the ruling on a motion for a new trial will not be disturbed on appeal. *Kelly v. C.H. Sprague & Sons Co.,* R.I., 455 A.2d at 1304; *Mouchon v. Erikson's, Inc.,* R.I., 448 A.2d 776, 778 (1982).

This standard of review applies equally when the question on the motion for a new trial involves the award of excessive damages. *Mouchon v. Erikson's, Inc.,* R.I., 448 A.2d at 779; *Wood v. Paolino,* 112 R.I. 753, 755, 315 A.2d 744, 745 (1974). It is well settled that although the fixing of damages is generally a jury function, it may be interfered with by a trial justice on a motion for a new trial if, in the exercise of his or her independent judgment in passing upon the evidence of damages, the trial justice finds that the award is grossly in excess of an amount adequate to compensate the plaintiff for the wrong done. *Mouchon v. Erikson's, Inc.,* R.I., 448 A.2d 776, 779 (1982); *Yammerino v. Cranston Tennis Club, Inc.,* R.I., 416 A.2d 698, 700 (1980); *Wood v. Paolino,* 112 R.I. 753, 755, 315 A.2d 744, 745 (1974).

This rule generally has been applied to compensatory damages including pain and suffering. *See Wood v. Paolino,* 112 R.I. 753, 315 A.2d 744 (1974). When damages are awarded for pain and suffering, the trial justice may disregard the jury's verdict on a motion for a new trial if the award "shocks the conscience or clearly demonstrates that the jury was influenced by passion or prejudice, or that it proceeded upon a clearly erroneous basis in arriving at its award." *Id.* at 757, 315 A.2d at 746. This is true even though damages for pain and suffering cannot be assessed with mathematical precision. *Pimental v. Postoian,* 121 R.I. at 12, 393 A.2d at 1101.

The case at bar involves an award of punitive damages.[1] Punitive damages are imprecise and elusive of review. However, we think the rule that we have applied in the review of awards for pain and suffering may be applied equally when a trial justice interferes with a jury award of punitive damages.

There is no question that punitive damages are allowable in a case involving alienation of affections and criminal conversation. *Bailey v. Huling,* 119 R.I. 250, 258, 377 A.2d 220, 224 (1977); *see Hargraves v. Ballou,* 47 R.I. 186, 131 A. 643 (1926). The trial justice so instructed the jury. It is also well settled that once it has been determined that a case is appropriate for an award of punitive damages, the determination with regard to whether or not plaintiff is entitled to such an award, and in what amount, is a matter left to the discretion of the jury. *Pimental v. Postoian,* 121 R.I. 6, 14, 393 A.2d 1097, 1102 (1978); *Sherman v. McDermott,* 114 R.I. 107, 108–09, 329 A.2d 195, 196 (1974).

However, such discretion is not unlimited. This court held long ago that a jury award of punitive damages may be set aside by the trial court if the amount "clearly appears to be excessive, or to represent the passion and prejudice of the jury rather

---

1. The jury awarded plaintiff $5,000 compensatory damages and $75,000 punitive damages on the criminal-conversation count. The trial justice determined that $5,000 compensatory damages was not grossly excessive and therefore upheld the jury's award of compensatory damages. The defendant has not challenged that ruling, so we do not address it here.

than their unbiased judgment." *McFetters v. Cardone,* 47 R.I. 144, 146, 131 A. 385, 385 (1926). *See Conti v. Walter Winters, Inc.,* 86 R.I. 456, 460, 136 A.2d 622, 624 (1957). This court has also recognized that "even upon the question of the reasonableness of an award of punitive damages the determination of a justice presiding at a jury trial should be given great persuasive force by us." *McFetters v. Cardone,* 47 R.I. at 146, 131 A. at 385. Courts in other jurisdictions have held similarly in cases involving alienation of affections and criminal conversation that a trial judge can set aside an award of punitive damages if it is clearly excessive, manifestly against the weight of the evidence, or the result of a jury's passion or prejudice. *Swartz v. Steele,* 42 Ohio App.2d 1, 325 N.E.2d 910 (1974); *Wilson v. Oldroyd,* 1 Utah 2d 362, 267 P.2d 759 (1954); *Rash v. Waterhouse,* 124 Vt. 476, 207 A.2d 130 (1965); *Roach v. Keane,* 73 Wis.2d 524, 243 N.W.2d 508 (1976).

█ Moreover, in the instant case, the trial justice found that the jury's award of punitive damages was contrary to his instructions on damages for criminal conversation. The trial justice had instructed the jury as follows:

> "If you find that the defendant's willful, adulterous conduct *caused* or *contributed to* the alienation of Lila Zarrella's affection for the plaintiff then you can award punitive damages. Punitive damages are for the purpose of punishing the defendant and deterring him from committing a similar wrong in the future. Whether or not punitive damages are to be awarded rests solely within the discretion of the jury. You may award punitive damages in your discretion or you may decline to award such damages as in your discretion you deem fit. If you elect to award punitive damages, if you find that the defendant's willful, adulterous conduct *caused* or *contributed to* the alienation of affection, then you may consider the ability of the defendant to pay." (Emphasis added.)

The trial justice based his instruction on *Hargraves v. Ballou,* in which this court held that if criminal conversation could be found to result in alienation of affections, both compensatory and punitive damages could be awarded for criminal conversation. *Hargraves v. Ballou,* 47 R.I. at 190, 131 A. at 646. We have followed this rule in subsequent cases. *See Bailey v. Huling,* 119 R.I. 250, 258, 377 A.2d 220, 224 (1977); *D'Ambra v. Ohanian,* 77 R.I. 218, 222, 74 A.2d 646, 648 (1950). We think the trial justice correctly instructed the jury on punitive damages.

█ In any case, neither party objected to this instruction. If a jury instruction is not challenged, it becomes the law of the case. *Kelly v. Kalian,* R.I., 442 A.2d 890, 892 (1982); *Benoit v. Bradley,* 121 R.I. 619, 621, 402 A.2d 581, 582 (1979); *Roland Bileau Transportation Co. v. Lodie Brien, Inc.,* 100 R.I. 723, 727, 219 A.2d 401, 403 (1966). On appeal, it is too late to raise questions concerning the correctness of such an instruction. *Benoit v. Bradley, supra.* Moreover, in ruling on a motion for a new trial on either liability or damages, the trial justice must consider all material evidence in light of his charge to the jury. *Pray v. Narragansett Improvement Co.,* R.I., 434 A.2d 923, 931 (1981); *Pimental v. Postoian,* 121 R.I. 6, 11–12, 393 A.2d 1097, 1101 (1978).

We find that the trial justice, in passing on both parties' motions for a new trial, adequately discharged his duties as set forth above. He carefully and thoroughly reviewed all of the evidence in light of his instructions to the jury. He expressly stated which witnesses he found credible and which testimony he believed. He independently assessed the award of $5,000 compensatory damages for criminal conversation and found it not to be excessive. He also reviewed the jury's award of punitive damages in light of his instructions and found both that the jury had either misunderstood or disregarded his instructions and that the $75,000 award was contrary to the law of the case and excessive in light of the evidence. After careful consideration, we

cannot say that he overlooked or misconceived material evidence or was otherwise clearly wrong. Accordingly, we affirm the trial justice's order denying plaintiff's motion for a new trial.

■■■■ With respect to defendant's motion for a new trial, we must diverge from the remedy suggested by the trial justice. We have sustained the trial justice's approval of the jury's verdict with respect to count 1. This verdict constituted a finding that there had been no alienation of affections. Based upon this finding, as a matter of law, the jurors could not then award punitive damages for criminal conversation. In granting a new trial on the issue of damages only, the trial justice was implicitly granting an opportunity to a second jury to award punitive damages. We believe that such an award is precluded by the doctrine of collateral estoppel. *Dunlop v. State of Rhode Island,* 398 F.Supp. 1269 (D.R.I.1975); *Silva v. Silva,* R.I., 404 A.2d 829 (1979). *See* 1B Moore's, *Federal Practice* ¶ 0.441[2] at 3779 (2d ed. 1982).

While it is within the discretion of a trial justice to award a new trial on the issue of damages only, *Labree v. Major,* 111 R.I. 657, 678, 306 A.2d 808, 820 (1973) and *Silveira v. Murray,* 96 R.I. 384, 390, 192 A.2d 18, 21 (1963), it is our opinion that relitigation of issues already correctly decided, in this day of ever-expanding caseloads, serves no useful purpose in furthering the right to trial by jury and certainly is in derogation of principles of sound judicial administration. The trial justice has already determined, and we agree, that the issue of compensatory damages was appropriately decided. Therefore, we sustain the trial justice insofar as he denied the motion for a new trial on count 1, and insofar as he upheld the jury's award of compensatory damages on count 2. We vacate that portion of his order which granted a new trial with respect to damages for criminal conversation.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the defendant's appeal is sustained in part and denied in part, and the papers in the case are remanded to the Superior Court with directions to order judgment for the plaintiff on count 2 in the sum of $5,000.