[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The defendant is seeking a new trial on the issue of damages or, in the alternative, a reduction in the award of damages. The plaintiff, Demoyne Lowell, brought suit for injuries sustained when a motorcycle he was operating collided with a van operated by the defendant. After a trial, the jury returned a verdict in the amount of $150,000 for the plaintiff.
On a motion for a new trial, the trial justice must independently review the material evidence in light of the charge to the jury by passing upon the weight of the evidence and assessing the credibility of the witnesses. Paquin v.Tillinghast, 517 A.2d 246 (R.I. 1986); Zarrella v. Robinson,460 A.2d 415, 417 (R.I. 1983); Owen Kelly v. C.H. Sprague Sons Co.,455 A.2d 1302, 1304 (R.I. 1983); Conners v. Gasbarro,448 A.2d 756, 759 (1982). If the trial justice determines that the evidence and the reasonable inferences to be drawn therefrom are so nearly balanced that reasonable persons could arrive at different results in deciding the case, the new trial motion should be denied. However, if the trial justice concludes that the jury's verdict is against the fair preponderance of the evidence, she must grant the motion for a new trial. Zarrella v.Robinson, supra; Connors v. Gasbarro, supra.
When rendering a decision, the trial justice should refer with some specificity to the facts that prompted her decision to grant or deny the motion for new trial. Zarrella v. Robinson,supra; Pimental v. Postoian, 121 R.I. 6, 11, 393 A.2d 1097, 1100 (1978); Morinville v. Morinville, 116 R.I. 507, 511-512,359 A.2d 48, 51 (1976). The trial justice's ruling will not be disturbed on appeal unless she overlooked or misconceived material evidence. Zarrella v. Robinson, 460 A.2d at 418; Kelly v. C.H.Sprague Sons Co., 455 A.2d at 1304; Mouchon v. Erikson's Inc.,448 A.2d 776, 778 (R.I. 1982).
The above standard of review applies equally when a motion for a new trial involves the award of excessive damages.Zarrella v. Robinson, supra; Mouchon v. Erickson's, 448 A.2d at 779; Wood v. Paolino, 112 R.I. 753, 755, 315 A.2d 744, 745 (1974). Fixing damages is the function of the jury, but it may be interfered with by the trial justice on a motion for a new trial if, in the exercise of her independent judgment in passing on the evidence of damages, the trial justice finds that the award is grossly in excess of an amount adequate to compensate the plaintiff for the wrong done. Zarrella v. Robinson, supra,Mouchon v. Erikson's, Inc., supra; Yammerino v. Cranston TennisClub, Inc., 416 A.2d 698, 700 (R.I. 1980); Wood v. Paolino, supra.
Further, this general rule has been applied to compensatory damages including pain and suffering. Zarrella v. Robinson, supra;Wood v. Paolino, supra. When damages are awarded for pain and suffering, the trial justice may disregard the jury verdict if the award "shocks the conscience or clearly demonstrates that the jury was influenced by passion or prejudice, or that it proceeded upon a clearly erroneous basis in arriving at its award." Wood v.Paolino, at 757, 315 A.2d at 746. This is true even though damages for pain and suffering cannot be assessed with mathematical precision. Zarrella v. Robinson, supra; Pimental v.Postoian, 121 R.I. at 12, 393 A.2d at 1101.
The Court cannot say that the jury's award shocked its conscience or clearly demonstrated that the jury was unduly prejudiced or arrived at its award erroneously. There was ample conflicting and contradictory evidence presented by all parties. The jury weighed the evidence, assessed credibility and arrived at an award that was within the realm of reason.
Motion denied. Order to enter.