Anthony MINUTELLI

v.

Charles BORANIAN et al.

No. 94–638–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1995.

Russell Bramley, Warwick, for Plaintiff.

Kevin F. McHugh, Providence, Michael Colucci, Warwick, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 3, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendants, Charles Boranian (Boranian) and the city of Providence, appeal from a Superior Court judgment in favor of the plaintiff, Anthony Minutelli. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues will be decided at this time.

This matter arose out of an altercation between plaintiff and defendant Boranian, an off-duty Providence police officer. The plaintiff filed a complaint in Superior Court seeking damages because Boranian had allegedly assaulted him. The plaintiff also claimed that he had been falsely imprisoned by the Providence police and maliciously prosecuted for a criminal offense. In response, Boranian filed a counterclaim alleging that plaintiff had committed an assault and battery upon him. In the Sixth District Court plaintiff was tried and acquitted of assaulting Boranian and causing malicious damage. Following trial in the Superior Court, the jury returned a verdict in favor of plaintiff on all counts and against defendant Boranian on his counterclaim. The plaintiff was awarded $20,000 in compensatory damages and $50,000 in punitive damages against Boranian alone, plus attorney's fees, interests and costs. The defendants filed a timely appeal.

Prior to testimony, defendants moved in limine to exclude evidence of plaintiff's acquittal on the underlying criminal charges or, in the alternative, to bifurcate the malicious-prosecution count. The trial justice denied

both motions. On appeal defendants argue that the evidence of plaintiff's acquittal was unduly prejudicial and that the trial justice should have severed the malicious-prosecution count from the other counts.

■ The authority of the court to exclude relevant evidence on the grounds of prejudice, confusion, or waste of time is found within Rule 403 of the Rhode Island Rules of Evidence. Rule 403 provides that

"[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

■ It is well settled, however, that "questions of relevancy * * * including whether the probative value of the proffered testimony is outweighed by the danger of undue prejudice, are left to the sound discretion of the trial justice." *State v.Bibee,* 559 A.2d 618, 620 (R.I.1989). This court will not reverse a trial justice's determination absent a showing of abuse of that discretion. *Id.* In denying defendants' motion, the trial justice stated:

"On balance, in view of Rule 403, I'm very satisfied that to the extent that you foresee or perceive any prejudice, [counsel], number one, I would deal with it. Number two, I'm also satisfied it in no way is unduly prejudicial. The plaintiff has a right to present his case if he can present it all at one time."

■ The trial justice was clearly correct. In order to recover damages for the tort of malicious prosecution, a plaintiff must prove that (1) the defendant initiated a prior criminal proceeding against him, (2) there was no probable cause to initiate the proceeding, (3) that the proceeding was brought by the defendant maliciously, and (4) that the matter terminated in the plaintiff's favor. *Solitro v. Moffatt,* 523 A.2d 858, 861–62 (R.I.1987). In giving his instructions to the jury, the trial justice explained that plaintiff's acquittal of the underlying charges did not suggest that there was no probable cause. The trial justice properly found evidence of the acquittal

a necessary element of the malicious-prosecution count, which was properly joined with the other counts.

■ Boranian also appeals from the denial of his motion for a remittitur of the award of punitive damages. He argues that the award of $50,000 punitive damages was excessive, especially since he is a man of "ordinary means" as opposed to a "big pocket" defendant.

We have previously held that "a jury award of punitive damages may be set aside by the trial court if the amount 'clearly appears to be excessive, or to represent the passion and prejudice of the jury rather than their unbiased judgment.'" *Zarrella v. Robinson,* 460 A.2d 415, 418–19 (R.I.1983) (quoting *McFetters v. Cardone,* 47 R.I. 144, 146, 131 A. 385, 385 (1926)). The trial justice in this instance stated that he found the jury's award for punitive · damages appropriate. Specifically he stated:

"In no way do I find that the jury award was motivated by inflamed passions or prejudice, nor does it shock the conscience of the Court. If there was anything at all that is shocking about this case it is the enormity of the misguided and perverted use of the judicial system by this defendant, not the jury's financial statement of its worth or value."

■ This court is always mindful of the fact that the trial justice is a person on the scene who has an opportunity to observe the witnesses and to evaluate their credibility as well as the merit of their claims. We therefore do not lightly disagree with the findings of the trial justice on the matter of compensatory or punitive damages. However, in view of the injury sustained by the plaintiff and the compensatory damages awarded, this court finds that the $50,000 punitive-damage fee is excessive. We are of the opinion that an award of $10,000 is adequate to punish the malfeasant officer and compensate the plaintiff.

Therefore, the defendants' appeal is sustained in part and denied in part. The papers of the case are remanded to the Superior Court with directions to enter a remittitur of the amount of punitive damages from $50,-

000 to $10,000 or in the alternative to order a new trial on the issue of damages only if the plaintiff so elects.