[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court, pursuant to Rhode Island Rules of Civil Procedure Rule 59(a)(1), is Defendant J. D'Ercole Construction, Inc.'s motion for remittitur or, in the alternative, to grant a new trial on the issue of damages. The Plaintiff, Richmond Sand Gravel, Inc. (Richmond), filed a timely objection thereto.
 Facts and Travel
J. D'Ercole Construction, Inc. (D'Ercole), a Rhode Island corporation, extended a quotation request to Richmond for bank run gravel in relation to a project known as "Swarovski N.A. Expansion in Cranston, RI" (project). Richmond provided the quotation on August 2, 2002, and it was accepted by D'Ercole. The terms of the agreement provided that Richmond would furnish and deliver bank run gravel for $6.00 per cubic yard based on a total requirement of 25,000 cubic yards for the project. For each delivery of material from Richmond to D'Ercole in relation to the project, a delivery slip was generated by Richmond, indicating the quantity of material delivered. The delivery slips were then used to calculate the invoices sent from Richmond to D'Ercole.
On July 10, 2003, Richmond filed an action for breach of contract and quantum meruit against D'Ercole. It sought damages equal to $107,177.51, which represented the unpaid balance due from D'Ercole under the contract. D'Ercole counter-claimed that the materials delivered by D'Ercole did not conform to the specifications required for the project, the deliveries were not made on time, and the delivery slips overstated the quantity of materials delivered. After a four day jury trial, a verdict for $81,338.19 was returned in favor of Richmond on its quantum meruit claim. D'Ercole timely filed a motion for remittitur, or in the alternative for a new trial, arguing that the verdict is inconsistent with the evidence presented at trial.
 Standard of Review
After a trial by jury, this Court has the power to grant a new trial for errors of law that occurred during the trial and for any other reason for which Rhode Island courts have granted new trials in actions at law. Rhode Island Rules of Civil Procedure Rule 59(a)(1). In considering a motion for new trial, the trial justice acts as a superjuror. Rezendesv. Beaudette, 797 A.2d 474, 477 (R.I. 2002). The trial justice reviews and comments on the weight of the evidence, including the credibility of the witnesses, and exercises his independent judgment. Id. at 478. If the evidence and its reasonable inferences are evenly balanced or reasonable minds could differ on the verdict, the motion should be denied. Id. If, on the other hand, the verdict is against the preponderance of the evidence, failing to do justice between the parties, the motion should be granted. Id.
The Court applies this standard of review equally when the question on the motion for a new trial involves the award of excessive damages.Zarrella v. Robinson, 460 A.2d 415, 418 (R.I., 1983):
 "It is well settled that although the fixing of damages is generally a jury function, it may be interfered with by a trial justice on a motion for a new trial if, in the exercise of his or her independent judgment in passing upon the evidence of damages, the trial justice finds that the award is grossly in excess of an amount adequate to compensate the plaintiff for the wrong done."
Id. Alternatively, if the trial justice concludes, after passing on the evidence, that the award shocks the conscience or clearly appears to be excessive in light of the evidence presented at trial, the trial justice may order a remittitur. Reccko v. Criss Cadillac Co., Inc., 610 A.2d 542,546 (R.I. 1992).
 Review of the Evidence
In its simplest terms, D'Ercole argues that the jury's award was arbitrary because it cannot be supported by evidence produced by either side during the trial. Specifically, D'Ercole points to evidence both parties presented concerning the volume of gravel necessary to complete the project. The jury awarded Richmond quantum meruit damages equal to approximately 36,900 cubic yards of fill. Arguably this figure is not based on the defendant's evidence because D'Ercole produced expert witnesses who testified that the maximum amount of fill needed by the project was only 27,068 cubic yards. Yet, it cannot be based on the plaintiff's evidence because Richmond produced delivery slips that show that 40,260 yards of fill was delivered.
Despite this apparent inconsistency, the jury's verdict is not against the fair preponderance of the evidence, and the damage award is not clearly excessive. See Pray v. Narragansett Improvement Co., 434 A.2d 923,932 (R.I. 1981) (affirming that when a jury hears credible expert testimony for the plaintiff on damages and then awards a sum several thousands of dollars less than the expert's final figure, the jury's determination of damages was not against the weight of the evidence and was in fact an expression of the jury's deliberative process). D'Ercole's expert witness was not as compelling as the defendant would like to think. He could not testify as to the cubic yards of fill actually delivered by Richmond, and he could not testify as to circumstances that might require additional fill, such as subsurface conditions and unsuitable material that was excavated. He merely testified as to the estimated needs of the project based on the engineer's drawings. The jury acted reasonably in disregarding his evidence.
On the other hand, Richmond presented evidence from credible witnesses, including the general contractor and superintendent of the project, indicating that indeed conditions did exist that necessitated more fill than was initially estimated. Because existing material at the site turned out to be unusable, contrary to initial predictions, supplemental bank run gravel as well as 6,000 additional cubic yards of gravel was needed. To take compaction into account, an additional 1,200 cubic yards should be added to the 6,000 cubic yard figure.
The jury's assessment of the damage award was reasonable based on the evidence presented. The award of $81,338.19 does not shock the conscience and is not excessive. The superintendent of the project presented credible testimony that none of the fill delivered by Richmond was rejected for lack of quality and that all the material was otherwise approved. Additionally, he testified that the only way to know definitively how much fill was contained in each delivery was to weigh each delivery truck on a scale. After requesting a calculator, the jury conducted a conscientious review of the delivery slips to arrive at $81,338.19.
 Conclusion
In conclusion, after taking into account the credibility of the witnesses, the delivery slips signed by D'Ercole, the effects of compaction, and the effects of unsuitable material at the site, this Court finds that the jury's verdict is reasonable. Richmond's witnesses regarding the quantity of fill delivered were more persuasive than D'Ercole's. Likewise, Geffrey Nero and Ann Aiello, witnesses for the plaintiff, were more persuasive than the D'Ercole brothers on the facts. The award of $81,338.19 is within the parameters of reason and responds to the merits of the case.
After exercising its independent judgment in reviewing all the evidence, including the credibility of the testimony, this Court finds that the verdict is not contrary to the fair preponderance of the evidence and administers substantial justice. Finding that reasonable minds could differ with respect to said evidence, this Court will not disturb the verdict. Accordingly, D'Ercole's motion for remittitur or, in the alternative, a new trial, must be and is denied.
Counsel shall submit the appropriate judgment for entry.